SAMUEL MARFIELD *vs.* JAMES DAVIDSON.—*December,* 1836.

Where a party had offered evidence, without objection of the consideration, amount, dates, and times of payment of two promissory notes, (not before the court) and then proposed to prove, that they had been surrendered to the drawer, the one upon being paid, and the other upon being substituted by two other notes given in lieu of it; upon objection to the proposed proof of the surrender, because they were not produced, and no notice had been given to produce them; *held* that the proof was admissible. *Held* also, notwithstanding a similar objection, that evidence of the substitution of the two last notes, for the one surrendered was likewise admissible.

To render the evidence of the surrender admissible as a general rule, the notes surrendered must have been produced, but where their contents are proved by consent, the identity of the notes given, and those surrendered, is as certainly established, as if they were present in court.

The admissibility of the proof of the substitution rests upon the same principle, that is, that evidence of the contents of the substituted notes, had been given without objection.

APPEAL from *Baltimore* county court.

This was an action *replevin,* brought on the 3rd January, 1834, by *Samuel Marfield* against *James Davidson,* for a negro boy, called *Jacob Hill.* The defendant pleaded *non cepit,* and property in himself, on which issues were joined.

At the trial of the cause, the plaintiff offered in evidence, that he sold the negro boy whom this action was brought to recover, to *Elisha Lupton,* on the following terms, to wit: that the said *Lupton* was to take the boy into his possession

27      v.8

immediately, but that no title, or interest, was to pass to him, but was still to remain in the plaintiff, until the whole purchase money should be paid; that the amount of the purchase money was $225, which was secured by two promissory notes given by the said *Lupton*, bearing date about the 7th April, 1834, one of which was payable in *sixty* days, and the other in four months after date. That the first of said notes was taken up at maturity by said *Lupton*, who paid a small sum in cash, and gave two promissory notes in part renewal of, and in substitution for the said second note, which was then delivered up to him, and the said two substituted notes delivered to said *Marfield*, and by him retained for the balance due to him for the said negro boy by the said *Lupton*. That said two last mentioned promissory notes were due, at and before the impetration of the original writ in this cause, and are yet unpaid. It was also proved that *Lupton* has resided for some time past out of the *city of Baltimore*, in the town of *Cumberland*, in *Allegany county*, whereupon the counsel for the defendant objected to the competency of the evidence, above given in relation to the surrender of the said two first notes, to the said *Lupton* by the said *Marfield*, as no notice had been given to defendant to produce said notes, nor any effort made to obtain them from the said *Lupton*; and also objected to the competency of the evidence in relation to the giving of the said two last mentioned promissory notes, a part renewal of one of the first notes for the same reason, that the said two first notes were not produced, nor any notice given to the defendant to produce them. And the counsel for the defendant, also prayed the court to instruct the jury, that the plaintiff was not entitled to recover, which objection and prayer being sustained, and granted by the court, the plaintiff excepted and brought this appeal.

This appeal when called, was affirmed *nisi*, but afterwards was submitted to BUCHANAN, Ch. J. and STEPHEN, ARCHER, CHAMBERS and SPENCE, Judges, upon the notes of the appellant's counsel.

Dulany, who contended, that no objection was taken to the purpose for which this evidence was offered, but as the court will perceive by reference to the bill of exceptions, two objections were made, both of which related to the competency of the proof.

1st. It was said, that although it had been proved that the two first notes had been surrendered up to *Lupton*, by whom they had been given, yet that this proof could not be received as competent to establish that fact without the adduction of the notes themselves, or a failure to produce them on the part of *Davidson*, the defendant, after due notice.

2d. That the two last promissory notes which were due and unpaid, and given for the balance of the purchase money of the boy, and which were held by *Marfield*, could not be adduced in evidence, and were incompetent for any purpose, because the two first promissory notes were not produced or their absence accounted for, in any other manner than by their having been surrendered to *Lupton*, the maker.

The great difficulty in this case is to find out the subject of dispute, the learned judge who tried the cause, observed that the two first notes constituted a link in the chain of evidence, without which no progress could be made in the cause, but of what one fact necessary to the recovery of the plaintiff they were the best evidence, and which could be established by no inferior proof was not intimated, nor can I perceive it.

All that it was necessary for *Marfield* to establish, after the explicit proof which had been given of his contract with *Lupton* by a witness who was present, was that the purchase money for the boy had not been paid, this he attempted to do by producing two notes of *Lupton's*, proved to be for the balance of the purchase money, which were past due and unpaid, at the time he issued his writ in this cause. This completely made out his case, for it showed that the title to the boy was still in him and had never been conveyed away, for the payment of the whole purchase money was a condition precedent to the passage of the title to *Lupton*.

Why then was it necessary to produce the two first notes, they formed no part of the evidence of the agreement; that was *verbal*, and all its terms expressly proved orally, by a witness who was present.   The notes were afterwards given in pursuance of and in execution of the contract; they were intended merely to secure the purchase money, the amount of which had been independently agreed upon, as well as all the other terms of the agreement.   If the first notes had been present at the trial they would have manifested no material fact, but their own existence as instruments, then of no value, which had been in part paid, and in part superseded by the substitution of new notes, having as evidence an effect equivalent to their own.   If *Lupton* had produced the first notes upon the trial of the cause, they would have given rise to the *presumption* that he had paid the whole purchase money, and this would have been the only effect of his possession of them. But can it be denied that this presumption might have been rebutted by the proof that although they had been surrendered, yet were they not paid, but that new notes were substituted in their place, and how can it be contended that if their presence and the possession of them by *Lupton* would have created a presumption merely, that might have been destroyed by the proof actually offered, that they were nevertheless better than that proof.   This would surely be absurd, for the test of the best evidence is this, that if adduced it could not be *contradicted* by the evidence offered.

One thing is clear, that the two first notes constituted no part of the original contract between the parties, that contract in all its parts, was verbal, if then these notes are material evidence of any thing, they must relate to some fact connected with the execution of the agreement, in which case as instruments of evidence they possess no superior authority.

Parol extrinsic evidence, says *Starkie*, is admissible to prove a fact, by virtue of its own weight, notwithstanding the casual existence of collateral written evidence to prove or disprove the same fact, unless the written instrument or evidence be by *law* a *contract*; constituted the *sole* medium of

proving the fact. 1 *Starkie, Ev.* 2*d ed.* 329, 390. 2 *Starkie,* 2*d. ed.* 570. This principle applies in general, when the document contains a mere subsequent memorial and recognition of the fact. 2 *Starkie,* 2*d ed.* 571. 7 *Law Rep.* 335. 4 *Esp. C.* 13.

If then the court were wrong in deciding that the evidence offered by the appellant in the manner stated in the bill of exceptions, was incompetent and could not be received, they were certainly not right in instructing the jury that he was not entitled to recover.

ARCHER, Judge, delivered the opinion of the court.

The plaintiff had offered in evidence without objection, that *Lupton,* who was proved to be the purchaser of the boy in controversy, had for the purchase money given two promissory notes; he also gave in evidence, the date of the respective notes and the times when payable, all without objection; and then offered to prove the surrender up of these notes. The one in consequence of payment, and the other in consequence of the substitution of two other notes which were due at the time of the institution of the suit and then unpaid.

To the evidence of the surrender of the two first promissory notes objection was taken because they were not produced, and no notice had been given to produce them.

To the evidence of the substitution of the two last notes for one of the surrendered notes, objection was likewise taken for the same reason.

The court held both objections to be valid and excluded the evidence.

The plaintiff having offered evidence without objection, of the amount, dates and times when payable, of the two first promissory notes, and the consideration for which they were given, no objection could be urged to the admissibility of evidence in relation to the surrender as a fact, than could have existed against such evidence, had the notes been actually produced. Evidence had been permitted to go to the jury, which dispensed with the necessity of producing the

notes or of giving notice to produce them.   To render the surrender, evidence, the notes in general would have to be produced, because the witness could not speak of them until they were before the court and jury, and because their identity could alone be established by their production.   But here they are by consent offered to the jury, and their contents proven by consent; and being so proven, the identity of the notes given, and the notes surrendered, are just as certainly established, as if the notes were present in court; we therefore think, the court were in error in rejecting the evidence of the surrender of the two first notes.

The same principles will likewise render admissible the evidence offered of the substitution of the two last promissory notes for the unpaid note.

The plaintiff had given evidence of this unpaid note without objection, and having done so, it was in our opinion competent to prove the consideration of the two last notes; by establishing the fact, that they took the place of the note he had by consent proven to exist.

On the right of the plaintiff to recover in this action, we express no opinion, the prayer being general—see act of 1825, ch. 117.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.