PRISCILLA E. DENT *vs.* WILLIAM HANCOCK.—*December*, 1847.

To levy a distress, a landlord for the purpose of making it, and not acting in conformity to the statute on the subject, is not authorized to break open and enter the door of a barn which is barred or bolted, with a view to prevent from without an entry thereat.

But if the door be not so bolted or barred, or is simply shut or latched, with the ordinary means of raising the latch left on the outside of the door, then is an entry at such door lawful to make a distress for rent.

And if a door so bolted or barred be forcibly broken open by a person not acting under the authority or sanction, or at the instance of the landlord, or his bailiff, the person required to make such distress, is authorized to enter for that purpose at the door thus forcibly broken open.

When the relation of landlord and tenant existed to the end of the year 1843, the rent was in arrear, and the landlord in 1844, had rented the premises to another person ; but the first tenant had locked up a quantity of tobacco in a barn on the premises, which the landlord had taken as a distress ; the fact that the tenant was not in possession of the demised premises when the distress was levied, would not make the entry for the purpose of a distress lawful.

It is the duty of counsel, if aware of objection to the admissibility of evidence, to object to it at the time it is offered to be given—or if unapprised of such objection at the time of its offer, he must raise his objections in a reasonable time thereafter.

If he cross-examine the witness in regard to the inadmissible evidence, or offer testimony to contradict or explain it, a purely *legal objection, which is dis*-closed on the face of the proof itself, the objection afterward comes too late.

The objection is equally too late when a prayer has been first made upon the evidence, or when the argument of the cause before the jury has commenced.

The rules above stated, are not applicable to a case where the cause of objection depends on matters of fact, of which the party objecting has then for the first time acquired a knowledge.

The landlord has no authority forcibly to break open a door, for the purpose of levying a distress, though property be fraudulently deposited in the house to prevent a distress.

The statute 11 *Geo.* 2, ch. 19, gives no warrant for such a proceeding.

APPEAL from *Charles* County Court.

This was an action of *replevin*, brought on the 15th February, 1844, by the appellee, against the appellant, for a lot of tobacco. The property was replevied and delivered to the appellee. The defendant below, the appellant, avowed the taking of the property, for that the appelle for a space of three years, ending on the 31st December, 1843, held and enjoyed

the said, &c., as tenant of the said *Priscilla*, by virtue of a certain demise made, at the yearly rent of $110, payable annually, which was unpaid, &c.

The plaintiff in replevin denied:

1st. The demise.

2nd. That he did not possess and enjoy the said place, &c., by virtue of a demise from the said *Priscilla*.

3rd. That no part of the rent claimed was in arrear.

4th. That in the levy of the said alleged distress for the rent avowed to be due, the said *Priscilla* did break and forcibly enter the farm and premises of the said *W.*, and took and seized upon the goods and chattels, &c.

5th. That after the making the demise, and before the rent became due, or in arrear, the said *P.* entered wrongfully into the said close, and put out the said *William* from a great part thereof, and held and kept him out, &c.

6th. That before the levying of the distress, the said *Priscilla* did not make the affidavit of the amount of rent alleged to be due and in arrear, nor did she annex to the warrant of her bailiff an account of the rent in arrear, nor did she give any authority to the bailiff to make a distress.

The avowant joined issue on 1st and 2nd and 3d pleas, which tendered issues to the country, and demurred generally to the 5th plea, and she also traversed the 4th and 6th pleas, on which issues were also made up.

The jury found a verdict for the plaintiff.

At the trial of this cause, the defendant *Priscilla E. Dent*, to support the issues joined upon her part, gave in evidence to the jury by *James E. Keech*, a competent witness, that the plaintiff in this cause, *William Hancock*, rented a farm of the said *Priscilla E.* for the year 1843, at the yearly rent of $110 per annum, and that the said *William's* tenancy ceased at the end of the year 1843, which said rent was in arrear and unpaid, on the 10th February, 1844. The said *Priscilla E.* further proved by *Nathan S. Dent*, that the property in this case was distrained for said rent, on the 10th February, 1844, upon the premises so rented as aforesaid. That said distress

was made by the witness as bailiff of the said *Priscilla E.*, under, and by virtue of a written warrant from the said *Priscilla E.* to the said witness. The said *William* then gave in evidence to the jury, by the said witness, *Nathan S. Dent*, that a certain *William K. Dent* gave to the witness as bailiff as aforesaid, the papers in relation to said distress, including the warrant to him as bailiff, with orders from the said *Priscilla E.* to the witness, to make said distress, and further asked said witness, if he did not treat said *William K.* as the agent of said *Priscilla E.*, to which the witness replied that he did; said witness being further asked if he acted under the direction of *William K.*, in making said distress, replied that he did not, but further stated, that at the time the said *William K. Dent* gave him the written authority to distrain from *Priscilla E. Dent*, he told witness that her, *Priscilla E. Dent's*, instructions were, that he, the bailiff, should levy upon the tobacco of plaintiff, but that this was before they went to the barn. The witness further stated, that he had known *William K. Dent* to act as the agent for *Priscilla E.*, in the transaction of her business, and about the time of this transaction, he knew of no other person who attended to business for her, and being asked if he, the said *William K.*, was general agent of *Priscilla E.*, he answered he did not know. The said *William* further proved, that the said *William K.* went with the witness upon the premises aforesaid, and that said *William K.* opened the door of a barn, and that immediately after the said *William K.* opened said door, the witness entered and made the distress. That said witness was present when *William K.* opened the door, and that said *William K.* opened said door without any authority or direction from said witness, the bailiff. Said witness further proved, that one of the doors of said barn was locked and the others closed, and that the door which *William K.* opened, was closed, but whether fastened or not the witness could not say. That *William K.* used no implement in opening it except his hands. The said witness further proved, that the said *William*, the plaintiff, was not tenant, or residing upon said farm at the time the said distress

was made, but that said premises had been rented for the year 1844, by certain other persons, from the defendant *Priscilla E. Dent*, but whether they were residing there or not at that time, the witness did not know.   The said *William* then proved by *Mr. Ware*, that he had seen the key of said barn in the possession of the said *William*, several times between 1st January, 1844, and 10th February, 1844, and also afterwards.   That some five or six days before the levying of this distress, the witness had barred upon the inside two of the doors of the barn, and locked the third, and gave the key to the plaintiff, and that he, said *William Hancock* then left the farm, and that he did not, nor to his knowledge did the plaintiff return to it again until after the distress.   The said witness further proved, that immediately after the distress laid, the said *William K.* and *Nathan S. Dent*, told plaintiff in his presence, that they had levied said distress.

The plaintiff then prayed the court to instruct the jury, that if they find the aforegoing facts to be true, then the plaintiff is entitled to recover.   To which instruction the defendant objected, and upon all the aforegoing evidence, the said *Priscilla E.* then prayed the court to instruct the jury,

1st. That if they find from the evidence in this cause, that the said *William K. Dent* opened the door of the barn without any authority or directions from the said *Priscilla E.*, or *Nathan S.* her bailiff, and that neither the said *Priscilla E.*, or her bailiff, aided or abetted said *William K.* in opening said door, but that the same was voluntarily done by said *William K.*, and that said *William K.* was not the agent of the said *Priscilla E.*, or *Nathan S.* at that time, that then the said plaintiff is not entitled to recover upon the issues joined to the 4th plea of said plaintiff.

2nd. The defendant by her counsel further prayed the court to instruct the jury, that if they find that the door of the barn opened by *William K. Dent* was closed only at the time of said opening, and not fastened, then the plaintiff is not entitled to a verdict upon the 4th plea.

3rd. The said *Priscilla E.* then prayed the court to instruct

the jury, that if they find from the evidence in this cause, that said barn was not in the possession and under the control of the plaintiff at the time of levying said distress, then said plaintiff is not entitled to a verdict upon the issue joined to the 4th plea.

4th. The said *Priscilla E.* further prayed the court to instruct the jury, that the declarations of *Wm. K. Dent*, mentioned in the foregoing testimony, are not admissible evidence in this cause.

5th. The said *Priscilla E.* further prayed the court to instruct the jury, that if they find from the evidence in the cause that said barn door was fastened to prevent said *Priscilla E.* from levying said distress, and for the purpose of clandestinely removing said tobacco from the premises aforesaid before a distress could be levied thereon, then the plaintiff is not entiled to a verdict upon the 4th issue.

6th. The defendant further prayed the court to instruct the jury, that if they find from the evidence in this cause she was the owner of said real estate, and that the lease under which the plaintiff possessed said property terminated upon the 1st day of January, 1844, and that said plaintiff at the time said distress was levied, had removed from the premises, leaving only the tobacco, then, that the defendant had a right to enter upon the premises and take possession of all the houses thereon, and for the purpose of levying a distress, had a right to open the barn doors in which said property was at the time of the distress made.

But the court refused to give the several instructions as prayed by the defendant, and with respect to several of them, are of opinion that they are without the issues, and that there is no evidence before the jury which has a tendency to prove the facts on which said prayers seem to be based, and the court upon the prayer of the plaintiff give the following instruction.

If the jury shall believe from the evidence, that the property claimed by the plaintiff in this case was the property of the plaintiff *Hancock*, left by him on the premises which he had leased the previous year, and for which rent is claimed by avowant, and that the distress mentioned in the pleadings made for the avowant by a certain *Nathan S. Dent*, deriving

his instructions and authority through one *William K. Dent*, then the avowant by her avowry and pleadings in this cause, recognizes the acts done in the seizure of the property distrained, and is answerable in law for any illegal opening of the door of the house in which the goods distrained then were; and if the jury also believe from the evidence, that the door in which the property distrained as aforesaid was opened by the said *William K. Dent*, and therefore, the house was entered and the property seized by said *Nathan S. Dent*, as mentioned in the above statement of facts, then the plaintiff is entitled to the verdict on the *fourth* issue in this cause. To which refusal of the court to give the several instructions, or any one of them as prayed by the defendant, as well as to the instruction given by the court, the defendant excepted.

The defendant prosecuted this appeal.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS and MARTIN, J.

By McLEAN for the appellant, and

By J. M. S. CAUSIN for the appellee.

DORSEY, J., delivered the opinion of this court.

After the testimony in the cause had been closed, as appears by the bill of exceptions, "the plaintiff then prayed the court to instruct the jury, that if they find the aforegoing facts to be true, the plaintiff is entitled to recover." Which instruction being objected to, "upon all the aforegoing evidence, the said *Priscilla E.*, by her counsel, then prayed the court to instruct the jury, that if they find, from the evidence in this cause, that the said *William K. Dent* opened the door of the barn without any authority or directions from the said *Priscilla E.*, or *Nathan S.*, her bailiff; and that neither the said *Priscilla E.*, or her bailiff, aided or abetted said *William K.* in opening said door, but that the same was voluntarily done by the said *William K.*; and that the said *William K.* was not the agent of the said *Priscilla E.*, or *Nathan S.* at that time; that then the said plaintiff is not entitled to recover, upon the issue joined to 4th plea of said plaintiff."

The refusal of the court below, to grant this, the appellant's first prayer, forms the first subject submitted to our review in this court  The only issue joined on the fourth plea, was, whether " the said *Priscilla E.* did break and forcibly enter the barn and premises of the said *William,* in making the distress complained of.  The prayer concedes, as it might well do, that to levy a distress, a landlord, for the purpose of making it, and not acting in conformity to the statute on the subject, is not authorized to break open and enter the door of a barn which is barred or bolted, with a view to prevent from without an entry thereat.  But if the door be not so bolted, or barred, or is simply shut or latched, with the ordinary means of raising the latch left on the outside of the door, then is an entry at such door lawful, to make a distress for rent.  And if a door so bolted or barred be forcibly broken open by a person not acting under the authority, or sanction, or at the instance of the landlord, or his bailiff, the person required to make such distress is authorized to enter for that purpose at the door thus forcibly broken open.  The facts, therefore, which by this prayer were made the basis of the instruction prayed, if found by the jury, entitle the appellant to a verdict on the issue joined on the fourth plea.  The court therefore were in error, in not granting the first prayer of the appellant.

By the second prayer, " the defendant, (below,) by her counsel, further prayed the court to instruct the jury, that if they find, from the evidence in the cause, that the door of the barn, opened by the said *William K. Dent,* was closed only at the time of said opening, and not fastened, then the plaintiff is not entitled to a verdict upon the fourth plea."  For the reasons stated by this court, in their decision upon the appellant's first prayer, the county court erred in refusing to grant the second prayer.

In the third prayer, " the said *Priscilla E.,* by her counsel, further prayed the court to instruct the jury, that if they find, from the evidence in this cause, that said barn was not in the possession, and under the control of the plaintiff at the time of levying said distress, then said plaintiff is not entitled to a

verdict upon the issue joined to the fourth plea." In refusing this prayer, the county court were clearly right. The prayer concedes the forcible breaking open and entry into the barn, and the levying of the distress as stated in the fourth plea; but prays the court to instruct the jury, that if the barn were not in the possession of the appellee, that he was not entitled to recover, under the issue joined on the fourth plea; so far from such a fact, as to possession, justifying the course pursued by the appellant, it had no tendency but to aggravate the illegality of the distress; and showed that it was wholly unlawful, whether the entry into the barn were made with or without force.

The appellant's fourth prayer, was, that the court " instruct the jury, that the declarations of *William K. Dent*, mentioned in the aforegoing testimony, are not admissible evidence in this cause." Whether the objections taken to the testimony were well founded or not, it is deemed unnecessary to inquire, because they were not made in due time. It is the duty of counsel, if aware of the objections to its admissibility, to object to the testimony at the time it is offered to be given, or if unapprised of such objections at the time the evidence had gone to the jury, he must raise his objections within a reasonable time thereafter. If he cross-examine the witness in regard to the inadmissible testimony, or offer testimony to contradict or explain it, a purely legal objection, which is disclosed on the face of the testimony itself, afterwards, comes too late. And the objection is equally too late, where a prayer or prayers have been first made to the court upon the evidence in the cause, or where the argument of the case before the jury has commenced. To allow a greater latitude, as to the time of raising such objections to testimony, might be productive of much inconvenience and injustice. It would give to the party having the right to object to the evidence, an opportunity of speculating on contingent advantages, that might result to him from the admission of the objectionable evidence. By such silent acquiescence, he might mislead the opposite party, and induce him to offer testimony, which in connection with the

objectionable proof, might establish his rights; but if deprived of such connection, might be ruinous to his interests. What has been said, as to the time when objections to testimony should be urged, is not to be applied to a case where the cause of objection depends on matters of fact; of which the party objecting, has then, for the first time, acquired a knowledge. In the county court's refusing the appellant's fourth prayer, it committed no error.

By the appellant's fifth prayer, the court below is prayed " to instruct the jury, that if they find, from the evidence in the cause, that said barn door was fastened to prevent said *Priscilla E.* from levying said distress, and for the purpose of clandestinely removing said tobacco from the premises aforesaid, before a distress could be levied thereon, then the plaintiff is not entitled to a verdict upon the fourth issue." According to all the proof in the cause, the county court were clearly right in refusing this prayer. The barn being part of the demised premises, the appellant had no authority forcibly to break open the barn door for the purpose of levying the distress; notwithstanding the tobacco was deposited there for the fraudulent purpose assigned in the prayer. *The Stat. of* 11 *Geo. 2, ch.* 19, gives no warrant for such a proceeding, even if the requisition of the statute, as to the constable or peace officer, had been complied with.

The court below were in no error in refusing the appellant's sixth prayer; the testimony in the cause being wholly inconsistent with the instruction prayed for. The county court having refused all the prayers of the appellant, upon the prayer of the plaintiff, gave two instructions to the jury; in each of which it was in error, according to the opinion expressed by this court, on the refusal to grant the appellant's first prayer.

We concur with the county court in their refusal of the appellant's third, fourth, fifth and sixth prayers, but dissenting from its refusal of the first and second, and from its instructions given on the prayer of the appellee, its judgment is reversed, and a procedendo awarded.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.