PERRY SHANKS *vs.* JOHN T. DENT, EXECUTOR OF ELLEN T. ALLSTAN.—*December,* 1849.

After parol evidence of the contents, date, &c., of a draft had been given, without objection, by one witness, and a second witness had also testified in regard to the same paper, it is too late to object that such evidence is illegal testimony, because the draft itself, which was in possession of the party in court, but not exhibited in evidence, was the best proof of these facts.

It is not necessary, in order to sustain the count for money had and received, to show that money, in fact, has been loaned.   In this case, the loan to the defendant of a bond executed by third parties in favor of the plaintiff, was held sufficient to support this count.

Appeal from *Saint Mary's* county court.

This was an action of *assumpsit* brought by the appellee, as executor of *Ellen T. Allstan,* against the appellant, on the 3rd of July, 1847.   The declaration contains counts for goods, wares, &c., sold and delivered, money laid out and expended,

money lent and advanced, money had and received, and an account stated. The plea was *non assumpsit*.

The plaintiff, to support the issue on this plea, proved, by *Thomas Maddox*, that defendant came to witness, some time in the year 1845, with the bond of *J. Blackistone* and *J. L. Allstan*, payable to the order of plaintiff's testatrix, and by her endorsed, dated 28th of August, 1844, and asked witness to advance the money on said bond to him, and stated to witness that the plaintiff's testatrix had loaned him, defendant, said bond, for the amount of which he had given, or was to give said testatrix his bond. That witness gave to said defendant, or some one else, he thinks, and believes it was defendant, a draft on time, he does not know at what length of time, dated some time in the autumn of 1845, and drawn on *Neale & Luckett, Baltimore*, for $976.48, and paid defendant $20 or $30, upon which defendant endorsed and assigned to witness said bond so loaned to the defendant by said testatrix, which is still unpaid. Witness further stated that he had paid to *Neale & Luckett* the amount of said draft. The plaintiff further proved, by *Benedict Gough*, that the draft spoken of by *Maddox* was endorsed to witness as deputy sheriff, by defendant, in settlement of executions in his hands against said defendant. The defendant then prayed the court to exclude all parol evidence of the contents, date, amount of, or time said draft was drawn at, or of the endorsement thereon, as illegal testimony, said draft which was produced being the best evidence to show these facts; but the court (MAGRUDER, C. J., and KEY, A. J.,) refused the prayer of the defendant, to which overruling and opinion of the court, the defendant excepted, and the verdict and judgment being against him, appealed to this court.

The cause was argued before DORSEY, C. J., CHAMBERS, SPENCE, MARTIN and FRICK, J.

CAUSIN and PRATT, for the appellant, insisted:

That no action of *assumpsit*, growing out of the negotiation of the bond assigned by the plaintiff's testator to the defendant,

16      v.8

was legally maintainable; and that if the plaintiff had such right of action, the better evidence of the draft, itself, should have been given to the jury; and upon the authority of *Morgan vs. Morgan, adm'r of Booth*, 4 *G. & J.*, 401, if the first conclusion is true, the judgment will be reversed without sending the case back.

RANDALL, for the appellee:

The proof of the *contents*, &c., of the draft were offered in evidence without objection, and without proof of the existence of the draft, and it was, after this, too late for the defendant to make this prayer on the production of the draft.   8 *G. & J.*, 214, *Marfield vs. Davidson*.

The cases are numerous to show that an action of *assumpsit* will lie for the sale, loan or transfer of a bond, as proved in this case.   13 *East*, 20, *Pickard vs. Barks*.   11 *Mass.*, 494, *Randall vs. Rich*.   11 *Johns.*, 464, *Beardsly vs. Root*.   3 *Mass.*, 403, *Floyd vs. Day*.   3 *Campb. N. P. C.*, 199, *Andrew vs. Robinson*.   1 *Dall*, 222, *Euswick vs. Hugg*.   15 *Maine*, 285, *Hinkley vs. Fowler*.

CHAMBERS, J., delivered the opinion of this court.

The court below was asked to "exclude all parol evidence of the contents, date, &c., of a certain draft, as illegal testimony, the original which was produced being the best evidence to prove these facts."   The case has been argued as if the draft said to be "produced," was in the possession of the party in court, but not exhibited in evidence, and we are willing so to understand the exception.   It appears, by the statement in the exception, that all the evidence had been given without objection, and a second witness had also testified in regard to the same paper before the objection was made.   We think the facts bring this case completely within the principles adopted by this court in 8 *G. & J.*, 209, *Marfield and Davidson, and Dent and Hancock*, 5 *Gill*, 120.

But the appellant's counsel have contended, that as the testimony, when received, could have no legal effect in making a

case on which a recovery could be had, it ought to have been ruled out. It is contended, that as the proof was only calculated and designed to prove a loan of the bond, it should have been rejected, because, in this action, the plaintiff could not recover, if that fact were satisfactorily proved. The declaration contains the usual money counts, and amongst them a count for money had and received; but it is said to be necessary to sustain this count, that money, in fact, must be shown to have been loaned. This court has very lately had occasion to discuss this doctrine much at large in the late case of the *Susquehanna Railroad Co. vs. Faunce and Passmore*, decided at December term, 1846. 6 *Gill*, 68. The opinion of the court there, completely covers the ground now contested. If, therefore, the form of the exception allowed the question to be raised, of which there is much doubt, we should have no hesitation in saying the testimony was not inadmissible, because it was calculated to prove the loan of the bond, that being one link in the chain of evidence upon which, when completed, by proof that the Bond was treated and received as money, the plaintiff would be entitled to a verdict in the present form of action.

JUDGMENT AFFIRMED.