WILLIAM W. DAVIS and Wife, *vs.* MATTHEW PATTON.

Where evidence has been received without objection, and prayers predicated upon it have been granted by the Court, it is too late to ask the Court to reject it.

Although the legal effect of a distribution made by the Orphans' Court, is to vest the title to negro property in a married woman, to whom it had been allotted in said distribution, which could not be divested except by a deed executed by herself and husband, as provided by the Act of 1842, ch. 293, yet, parol evidence having been admitted, without exception, of a "sale and delivery by the husband and wife to the defendant," it was competent for the jury to pass upon it.

An allotment by the Orphans' Court was made to "John Rowens, who inter-married with Sally B. Cheizum, the sister of the deceased." The wife being the distributee in whose right the allotment was made, it was not in the power of the Orphans' Court to deprive her of the property, and their act must be interpreted to have effect, according to the requisitions of the law.

APPEAL from the Circuit Court for Talbot county.

This was an action of *replevin,* brought in the Circuit Court for Caroline county, on the 5th of November 1858, by the appellants, to recover from the appellee three negro boys, the children of a negro woman, Caroline Chase. The defendant pleaded "*non cepit,* property in the defendant and property in a stranger."

*1st Exception.*—At the trial, (the case having been previously removed, at the suggestion of the plaintiffs, to the Circuit Court for Talbot county,) the plaintiffs first offered in evidence the inventory of William H. Cheizum, deceased, returned in September 1843, in which the negro woman, Caroline, is appraised as a slave for life ; and also the order of the Orphans' Court for Talbot county, for a division of the personal estate of the said William H. Cheizum, amongst his personal representatives, and the allotment of the said negro woman to John Rowens. Further evidence having been then offered by the plaintiffs and defendant, respectively, as stated in the opinion of this Court,

the defendant thereupon prayed the Court to instruct the jury as follows :

"The Court instruct the jury, that if they believe, from the evidence in the cause, that the negro woman, Caroline Chase, was heretofore the property of William H. Cheizum, at the time of his death, and at his death was distributed, in the division of his negroes, to John Rowens, who intermarried with Sarah B. Cheizum, on payment by the said Rowens of fifty dollars to another of the distributees, as per the allotment, filed in the Orphans' Court of Talbot county, and read to the jury by the plaintiffs ; and pursuant thereto, the said Rowens paid the said sum of fifty dollars, and said Rowens and wife took possession of and accepted said negro woman, Caroline, and that afterwards said Rowens and wife sold and delivered said negro woman to the defendant, and after said sale and delivery, the negroes in controversy in this action were born of the said Caroline, they must find for the defendant." To which instruction the plaintiffs, by their counsel, objected, and the Court having overruled said objection, and granted the said prayer, the plaintiffs excepted.

*2nd Exception.*—Without further proof offered on either side, the plaintiffs offered the following prayers :

1st. If the jury believe the negro Caroline was the property of William H. Cheizum, deceased, and that after his death, in September 1843, a distribution was made, by order of the Orphans' Court, as stated in the record and the proceedings from the Orphans' Court, as read in evidence, and that Mrs. Rowens was a sister and one of the legal distributees of said deceased, and that John Rowens and his wife, Sarah, were married at the time of William H. Cheizum's death, then the legal effect of said distribution was to vest the title to negro Caroline exclusively in Mrs. Rowens.

16    v.19

2nd. The Court instruct the jury, that John Rowens, the husband of Sarah B. Rowens, formerly Sarah B. Cheizum, had no legal authority to sell or dispose of the negro woman, Caroline, in virtue of the division of the negroes, made by the Orphans' Court, as stated in the record read to them, and that the verbal assent of Mrs. Rowens did not pass her title in the said woman.

3rd. The Court instruct the jury, that the proceedings in the Orphans' Court, in relation to the division of the negroes belonging to the representatives of William H. Cheizum, did not vest the exclusive title to the woman, Caroline, in John Rowens, the then husband of Sarah B. Rowens. These prayers were objected to by the defendant, and the Court having sustained said objection and rejected said prayers, the plaintiffs excepted.

*3rd Exception.*—A portion of the testimony offered in the progress of the trial, on the part of the defendant, consisted of declarations of John Rowens and Sarah, his wife, in regard to the sale of the negro woman, Caroline. At the time the testimony was offered, it was objected to by the plaintiffs' counsel, and the objection argued before the Court and overruled, but no exception was then taken to the ruling of the Court. Subsequently, after the granting or rejection of the several prayers offered, the plaintiffs' counsel proposed to take an exception to the said ruling of the Court, and asked that it should appear on the record as if taken when the objection was made and overruled, but the Court was of opinion, and so directed, that such exception, if taken, should appear in the record at that stage of the proceedings when it was actually taken. The plaintiffs' counsel thereupon made application to withdraw the said declarations of John Rowens and wife, which application the Court refused, and the plaintiffs excepted to said rulings. The verdict of the jury and judgment of the Court being for the defendant, the plaintiffs appealed.

The cause was argued before Bartol, Goldsborough and Cochran, J.

*E. F. Chambers,* for the appellants:

The appellants will contend, that the ruling of the Court below, in the first bill of exceptions, was erroneous, because—

1st. No bill of sale was offered to prove a sale to the defendant, as claimed by the defendant's prayer. The Act of 1842, ch. 293, (secs. 3 and 5,) requires a deed to be executed by husband and wife.

2nd. No proof of an actual or valid sale of the interest of Sally B. Rowens, the wife of John Rowens, was offered, and therefore the instruction was given without evidence to justify it.

The instructions asked for in the second exception, are each dependent upon the same principle of law, that is, whether by the allotment made by the authority of the Orphans' Court, of the negro woman, Caroline Chase, to "John Rowens, who intermarried with Sally B. Cheizum, the sister of the deceased, and he to pay Mrs. Cheizum fifty dollars," with the subsequent payment by John Rowens of the said sum, passed the title to the negro, Caroline, exclusively to John Rowens. The appellants will contend for the negative of this proposition, and maintain that the title vested in Sally B. Rowens, and not in her husband. 9 *Md. Rep.,* 281, *Williams vs. Holmes.* 6 *G. & J.,* 171, *Evans vs. Iglehart.*

The third bill of exceptions raises the question of the admissibility of the testimony given by John B. Rowens, of the declarations of John Rowens and his wife, in regard to the sale of negro Caroline. The appellants will contend that the plaintiffs, at the time the testimony was offered, having objected to its being offered, was in time to have the benefit of his objection. 7 *G. & J.,* 494, *Nesbitt vs. Dal-*

*lam.* The appellants also contend that the testimony was not competent or proper.

*Samuel Hambleton* and *Thomas G. Pratt,* for the appellee:

Suppose the argument of the counsel for the appellants to be a sound one, it shows no right in these parties to this action of replevin. The right of the appellant, Sarah, is only derived through the distribution to her. 3 *Rob. Pr.,* 472. What right has William Davis to join in this action? There is no proof of his marriage with the said Sarah. This must be shown before they could bring replevin under the Act of 1842.

1st. The testimony of Rowens and others, offered by the defendant, to prove the sale of negro Caroline, by John Rowens and wife to him, does not appear by said exceptions to have been objected to by the plaintiffs, but, on the contrary, their prayers offered and granted by the Court, and their prayers in the second exception rejected by the Court, were in the whole or in part predicated upon the proof of the defendant so offered, and such proof having been submitted to the jury without exception, it is too late in this Court to object to its admissibility. Act of 1825, ch. 117. 1 *Gill,* 182, *Keefer vs. Mattingly.* 5 *Gill,* 120, 127, *Dent vs. Hancock.* 9 *Wheat.,* 658, *Walton vs. United States.*

2nd. Although the best proof of a sale by deed, would be the original, or a certified copy of the deed, yet, if oral proof of its contents are given to the jury without exception, and each party offers prayers to the Court, predicated on the proof so offered, neither party will be permitted afterwards to object to the legality of such proof. 8 *Gill,* 122, *Shanks vs. Dent, Exc'r of Allstan.* 8 *G. & J.,* 214, *Marfield vs. Davidson.* 6 *Gill,* 46, *Swatara R. R. Co. vs. Brune.*

3rd. The distribution by the Orphans' Court, upon the

application of the heirs of Cheizum, of negro Caroline to John Rowens, and the payment by him of the sum adjudged by that Court to be paid by him, transferred the title to said negro to said John Rowens. 4 *Md. Rep.*, 493, *Ex-parte Shipley & Wife, Adm'rs, of Wood.* 9 *Md. Rep.*, 289, *Williams vs. Holmes.* Act of 1842, ch. 293, sec. 1. To the extent of fifty dollars, Rowens became purchaser of Caroline. If the appellants have any remedy, it is in equity, and not by the action of replevin.

4th. The Orphans' Court being clothed with the power to make distribution of the personal estate of deceased persons, the action of that Court is conclusive, unless annulled on appeal. The action of a Court of limited or special jurisdiction, cannot be collaterally inquired into. Act of 1810, ch. 34, sec. 5. 9 *Md. Rep.*, 291, 289, 288, *Williams vs. Holmes,* 6 *Md. Rep.*, 288, *Edelen, Adm'x of Edelen, vs. Edelen.* 2 *H. & G.*, 42, *Raborg vs. Hammond.* 4 *H. & J.*, 394, *Fishwick's Adm'r, vs. Sewell.*

5th. That the record shows that the distributable estate of Cheizum was $100 to each distributee; that negro Caroline was allotted to Rowens, he paying the difference ($50) between her value and his distributive share; his title consequently arises, at least in part, as purchaser, which could not enure to the benefit of the wife, as the first section of the Act of 1842, provides that such property shall not come from the husband after coverture. Act of 1842, ch. 293, sec. 1.

6th. That said negro being incapable of division, it was impossible that Rowens could hold Caroline in part in his own right, and in part in right of his wife; that, as purchaser, he had a right to sell, and that the children, born after such sale, belonged to the purchaser.

The 3rd exception is taken from the refusal of the Court to embody in the 1st exception an alleged objection to the admissibility of the testimony of Rowens, to the overruling

of which no exception was then taken by the plaintiffs. It will be contended, on behalf of the appellee, that there is no error in the ruling of the Court upon this exception:

1st. Because after a bill of exceptions is sealed, the truth of the facts contained in it cannot afterwards be disputed. 1 *Gill,* 66, *Mitchell vs. Mitchell.* If any part of the testimony of Rowens be admissible, the proposal to overrule the whole, was properly rejected.

2nd. Because it is not pretended that any. objection was raised to the testimony of Mrs. Reed, by whom the defendant offered the same proof as that given by Rowens, and, consequently, if the proof of Rowens had been excluded, the verdict would have been the same ; and it is insisted that where no injury is done to the appellant by the ruling below, this Court will not send the case back on *procedendo.*

GOLDSBOROUGH, J., delivered the opinion of this Court:

William H. Cheizum, late of Talbot county, died in the year 1843, intestate, leaving, besides other personal property, certain negro slaves, to be distributed amongst his mother, brothers and sisters, who were his legal representatives.

Sarah B. Davis, one of the appellants, and one of the sisters of the deceased, had, prior to her brother's death, intermarried with John Rowens.

In the final distribution of the negroes, negro Caroline Chase was allotted to *John Rowens,* husband of Sarah B. Rowens, *he* paying to the mother of the deceased fifty dollars. This allotment was made by the commissioners on the 24th of November 1843, and on the 12th of January 1844, this division "was passed by the Orphans' Court" of Talbot county.

John Rowens, the husband of Sarah B. Rowens, having paid the amount required in the allotment, he and his wife took possession of negro Caroline, and afterwards sold and

delivered her to the appellee, and after the sale and delivery, the negroes in controversy (who, it is conceded, are the children of Caroline) were born.

John Rowens subsequently died, his wife surviving him, who thereafter intermarried with William W. Davis, the appellant. Davis and wife instituted this action of replevin against the appellee, to recover the negroes in controversy.

The verdict of the jury and judgment of the Court being for the defendant, the case is presented for our consideration upon exceptions to the ruling of the Court below, granting the prayer of the defendant, and rejecting those of the plaintiffs, and also rejecting the application contained in plaintiffs' last exception.

After the evidence mentioned in the record had been submitted to the jury, the plaintiffs offered two prayers, which, not being objected to, the Court gave.

The substance of the first prayer is, that if the jury believe that negro Caroline was assigned to *Sarah B. Davis,* in the distribution of William H. Cheizum's estate, and that John Rowens, her husband, made a *verbal contract* of sale of Caroline, and that no bill of sale was made to defendant for Caroline, then no title passed to the defendant by said contract.

The second prayer was, in substance, that if the jury believe that Caroline was distributed to *Sarah B. Davis,* and that Caroline is the mother of the negroes in controversy, and that no disposition of Caroline was made during the lifetime of John Rowens, other than a *parol agreement* to sell her, then the title to Caroline survived to Mrs. Davis, and the children of Caroline became her property.

Though these prayers are not before us for adjudication upon the law embraced in them, we deem it proper to allude to them, as they will be considered in connection with the plaintiffs' exceptions.

After the above prayers were granted, together with the defendant's prayer, and the plaintiffs' three other prayers were acted upon by the Court, and exceptions taken to its rulings upon the evidence then before the jury, the plaintiffs applied to the Court to withdraw the evidence of John B. Rowens, under the circumstances detailed in the plaintiffs' last exception. This application the Court refused, and, we think, correctly; because the application came too late. When evidence has been received without objection, and prayers predicated upon it have been granted by the Court, it is too late to ask the Court to reject it. See 5 *Gill*, 127, and 8 *G. & J.*, 213.

In this case, it appears from the bill of exceptions that some objection was made to the evidence when offered; but it was not insisted on, and no exception was taken at the time to the action of the Court in admitting it. This must be construed as a waiver of the objection, and the question before us stands as if no objection had been made.

We are also of opinion that there is no error in the ruling of the Court in granting the defendant's prayer. For although the legal effect of the distribution made by the Orphans' Court, was to vest the title to Caroline in Mrs. Rowens, which could not be divested except by a deed, (executed by herself and husband,) as provided by the Act of 1842, yet parol evidence having been admitted without exception, of a "sale and delivery by Rowens and wife to the defendant," it was competent for the jury to pass upon it. See 8 *Gill*, 120; 7 *Md. Rep.*, 76.

In the opinion of this Court, there was error in refusing to grant the prayers of the plaintiffs below, contained in their second exception.

They involve the question of the legal construction and effect of the distribution made by the Orphans' Court. As we have before said, that allotment inured to the benefit of Mrs. Rowens. She was the distributee in whose right the

Davis & Wife, *vs.* Patton.

allotment was made. It was not in the power of the Orphans' Court to deprive her of the property; and their act must be interpreted to have effect according to the requirements of the law.

The allotment, in terms, was made to "John Rowens, who intermarried with Sally B. Cheizum, the sister of the deceased." This plainly designates the right in which the allotment was made, and, in legal intendment and effect, passed the title to Mrs. Rowens; giving to her husband only such interest as is provided for by the fourth section of the Act of 1842, ch. 293. The plaintiffs were entitled to have the instruction of the Court to the jury, as to the legal effect of the proceedings of the Orphans' Court, which was correctly stated in his prayers, and the Circuit Court erred in refusing them.

It was urged, in the argument of this cause, that the judgment ought not to be reversed on account of the refusal of the Court to grant these prayers of the plaintiffs below, because it is said the prayers of the plaintiffs, which were before granted without objection, contained substantially the same propositions. We do not think so. By a comparison of the several prayers granted and refused, it will be apparent that they are not the same. The former were based upon the hypothesis of a distribution of the property to Mrs. Rowens, as a matter of fact; whereas the plaintiffs were entitled to have the Court's instruction to the jury, as to the legal effect of the distribution as actually made.

*Judgment reversed and procedendo ordered.*