## ERWIN VOGEL *v.* STATE OF MARYLAND.
[No. 5, October Term, 1932.]

*Decided October 28th, 1932.*

The cause was argued before BOND, C. J., PATTISON, URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*James M. Roche,* for the appellant.

*William L. Henderson, Assistant Attorney General,* and *Charles C. G. Evans, Assistant State's Attorney for Baltimore City,* with whom were *William Preston Lane, Jr., Attorney General, Herbert R. O'Conor, State's Attorney,* and *Charles C. Dipaula, Assistant State's Attorney,* on the brief, for the State.

URNER, J., delivered the opinion of the Court.

It is provided by section 121 of article 23 of the Code of Public General Laws that every officer of any foreign corporation failing to comply with certain statutory requisites for conducting its business in Maryland, "and every agent of such non-complying corporation, who transacts business for it in this State, shall be guilty of a misdemeanor and liable to a fine of two hundred dollars." The appellant was convicted of violating that provision as an agent of the General

News Bureau, Inc., a foreign corporation, engaged in the dissemination of racing news, which maintained an office and carried on its operations in this state without having complied with the requirements of the Maryland law.

It appeared from the evidence at the trial that the appellant, who had previously been in the service of the General News Bureau as a reporter of racing news in New York, was sent to the Baltimore office of the corporation, a few days before the date specified in the indictment, for the purpose of learning to use, and thereafter using, a teletype machine. This was a part of the apparatus by which the corporation distributed the news which it undertook to supply to its patrons. The machine on which the appellant practiced was disconnected at the time from the system of wires over which the racing information was transmitted. His only apparent duty was to qualify himself as a teletype operator for employment by the corporation in that capacity. For the week of his training to which the testimony refers he was paid sixty dollars. This was the rate of compensation which he had been receiving from the bureau in New York. Three other men were engaged at the Baltimore office in operating the transmission system, and from one of them the appellant received his salary. That is the only indication in the evidence as to who was in charge of the office.

After the testimony in the case was concluded, and before the argument to the jury, an advisory instruction was read by the court to the jury, as follows:

"Under the laws of Maryland you are judge of the law and of the evidence in a criminal case.

"Any instruction to you by the court as to the law is, therefore, advisory only and not binding on you.

"Subject to that (the above) limitation, the court advises you, that if you believe from the evidence beyond a reasonable doubt that defendant Vogel, on November 16th, 1931, was in the employ of the General News Bureau, Incorporated, and that it is a foreign corporation, that is, a corporation under the laws of Illinois, and was such on November 16th, 1931, and if you further believe said General News Bureau, Incor-

porated, was, on November 16th, 1931, doing business in the State of Maryland and that the defendant Vogel, on November 16th, 1931, was working for said General News Bureau, Incorporated, in the office, 731 Munsey Building, Baltimore, Maryland, as teletype operator, then the court instructs you such employment of Vogel, coupled with such work by him as teletype operator, if you so find, constitutes said Vogel an agent of the General News Bureau, Incorporated, under the provision of article 23, section 121, providing for a pecuniary penalty on any 'agent' of a foreign corporation doing business in Maryland without being authorized to do business in Maryland (if you so find said General News Bureau, Incorporated, to be such foreign corporation on November 16th, 1931, doing business in Maryland on said date, and not being on said date so authorized to do business in Maryland).

"I repeat to you, this instruction is advisory only, and not binding on you—and you are at liberty to disregard it."

The defendant excepted to the court's instruction, and the first question to be considered on the appeal is thus presented.

As originally enacted by the Acts of 1898, ch. 270, sec. 109C, the statute mentioned in the advisory instruction provided for the imposition of a fine upon any "person or any officer" of a foreign corporation, transacting business in Maryland without proper qualification, who shall presume to act as its "agent or employee." By the amendatory act of 1908, chapter 240 (page 52, sec. 69), the term "employee" was eliminated from the provision, and its application was confined, as it is at present, to officers of the unqualified corporation, and to "every agent" "who transacts business for it in this State." In view of that exclusion of employees from the effect of the act, and its restriction to officers and agents, we are of the opinion that the appellant was not amenable to its penalty. While he was training for a service essential to the prosecution of the corporate enterprise, we are unable to regard that circumstance as a sufficient reason for classifying him as an agent transacting business for the corporation within the purview of the act. He was an employee whose duties were largely mechanical and who had none of the authority

which an agent for the transaction of business would ordinarily possess.

The agencies held to have existed in *Dick v. State,* 107 Md. 11, 68 A. 286, 576, and *Central of Georgia Ry. v. Eichberg,* 107 Md. 363, 68 A. 690, 14 L. R. A. (N. S.) 389, cited for the appellee, were those of an attorney at law and a freight solicitor the scope of whose functions was much broader than that of the appellant's service.

In consequence of our conclusion as to the meaning and application of the Code provision under which the appellant was convicted, it becomes our duty to hold that the trial court erred in its advisory instruction.

A further question remains to be considered. It is raised by the only other exception upon which the appellant's brief relies; and which was taken because of the refusal of the court to permit his counsel to argue to the jury that his employment by the General News Bureau did not constitute him its agent within the intent of the Code provision under which he was indicted. The right to make such an argument, in opposition to the court's advisory instruction, was claimed upon the ground that the jury are the judges of the law in a criminal case, under the Maryland Constitution, and are entitled to have the defendant's theory of the law presented.

The trial judge had undoubted authority to express to the jury his views as to the law applicable to the case, with an assurance, which he duly gave, that his opinion was not binding but only advisory. *Klein v. State,* 151 Md. 484, 135 A. 591; *Simond v. State,* 127 Md. 29, 95 A. 1073; *Luery v. State,* 116 Md. 284, 81 A. 681, 685; *Dick v. State,* 107 Md. 11, 68 A. 286, 576. But if such an instruction is erroneous and prejudicial to the defendant, and is made the subject of an exception, it may be reviewed and corrected on his appeal from a judgment of conviction. *Klein v. State, supra; Swann v. State,* 64 Md. 423, 1 A. 872.

When a court in the course of a criminal trial exercises its discretionary right to advise the jury as to the law, the proposal of counsel, either for the accused or the state, to controvert the court's instruction, in the argument to the jury,

raises a question of serious importance. The opinion of this court in *Bell v. State,* 57 Md. 108, 120, included the following statement: "The court has an undoubted right to state to the jury, the legal effect of evidence which has been introduced and submitted to their consideration. *McHenry v. Marr,* 39 Md. 532, 533; *Wheeler v. State,* 42 Md. 570. Not having excepted to the statement made by the court of the legal effect of the record, it became the law of the case. *Hagan v. Hendry,* 18 Md. 177; *Davis v. Patton,* 19 Md. 128; *Dent v. Hancock,* 5 Gill, 127. Being the law of the case, counsel were not at liberty to argue against it. *Sowerwein v. Jones,* 7 G. & J. 341. It is true that Article 15, sec. 5 of the Constitution, declares that 'In the trial of all criminal cases, the jury shall be the judges of law as well as of fact'; but this court has said that 'the words in the Constitution, have no greater signification since their incorporation into the organic law, than they had previously.' *Franklin v. State,* 12 Md. 236. This court has also decided, that the court has a right to instruct the jury in a criminal case, as to the legal effect of evidence. *Wheeler v. State,* 42 Md. 570; and having such right, it follows of course, that it also has the right to prevent counsel from arguing against such an instruction. If a jury should disregard an instruction in a criminal case and convict, the evil can be remedied by granting a new trial. But if they should acquit in disregard of it, there seems to be no remedy. But whatever powers the Constitution may have conferred upon juries in criminal cases, it has conferred none upon counsel. They are still officers of the court, and under its proper control, and if the court expresses an opinion on a question of law, upon which it has a right to express it, and a party considers himself aggrieved by it, he has his remedy, either by petition in the nature of a writ of error, or by a bill of exception. But counsel have no right, and ought not to be permitted to argue against it before the jury, in order to induce them to disregard it."

In that case a judicial record had been admitted in evidence for a restricted purpose. Counsel for the defendant

attempted to argue to the jury that the record had a different effect, more favorable to the defense, than that to which it had been specifically limited by the court's ruling. It was in reference to such a question that the quoted language was employed.

A question of law involved in the case of *Dick v. State,* 107 Md. 11, 68 A. 286, 289, 576, was whether an attorney at law was an "agent" of his client within the purview of a Code provision relating to embezzlement. An unsuccessful motion was made by the defendant to strike out the evidence for the State on the theory that in acting as an attorney at law for the collection of a claim he was not an agent as contemplated by the statute under which he was being tried. In the course of the state's attorney's argument to the jury, he stated that the construction of the statute, as to whether the defendant was an agent within its meaning, "was something they had nothing to do with, inasmuch as the court had already determined that question in ruling upon the testimony." The defendant's counsel objected to that statement as improper, on the ground that the jury were judges of the law and were to decide whether the defendant was within the terms of the act. In ruling upon this objection, the trial judge said: "It is true the jury are the judges of the law as well as the facts in this case. I have decided, in passing upon the admissibility of the testimony that in my opinion an attorney is an agent under the statute, but of course the jury is not compelled to accept my opinion in the matter, and have a perfect right to disagree with me." The defense objected to the court's statement and asked that the jury be instructed to disregard it, but the request was refused. Exceptions were taken by the defendant both to the statement of the state's attorney and to the remarks of the court in disposing of the objection. The opinion of this court discussed the question, in part, as follows: "It is manifest that if, as we have seen from our own decisions cited, the court cannot pronounce and decide upon the legal effect of the evidence and can only *bind and conclude* the jury as to what evidence shall be *considered* by them, the state's

attorney cannot undertake to declare to the jury that the court had in fact, by admitting the testimony, deprived the jury of its constitutional power to construe and interpret the statute and apply it according to their own judgments. It may be apparently anomalous, when the court in passing upon the admissibility of testimony has given its interpretation of the meaning of the statute, that the jury should still be free to adopt *its own* interpretation, but this is precisely the anomaly resulting from our system of administering the criminal law and which results whenever the court instructs the jury in a criminal case, and the verdict which follows is not in accord with the view expressed by the court; and it is too well settled in this state to require the production of authority that the judge may state his own views of the law to the jury, provided he also informs them that his utterance is advisory only, and that they are free to adopt their own independent judgment."

At the request of the jury in *Beard v. State,* 71 Md. 275, 17 A. 1044, 1045, after they had retired to determine upon their verdict, the court, over the objection of the defendant, gave a written advisory instruction as to what constituted a disorderly house. In regard to the question thus presented it was said by this court: "The instruction, when given, goes to the jury simply as a means of enlightenment, and not as a binding and positive rule for their government, as it does in civil cases. The judge, therefore, cannot, by any instruction given in a criminal case, bind the jury as to the definition of the crime, or as to the legal effect of the evidence before them. He can only bind and conclude the jury as to what evidence shall be considered by them, he being the exclusive judge of what facts or circumstances are admissible for consideration."

The statement in *Dick v. State,* and *Beard v. State,* that the court could not bind the jury as to the "legal effect of the evidence," referred to the effect, in law, of admitted evidence upon the issue of guilt or innocence, while the same phrase used in *Bell v. State,* where the court said that it

could instruct as to the legal effect of evidence, had reference to the limitation of its effect for the purposes of its admission.

In *Garlitz v. State,* 71 Md. 293, 18 A. 39, 42, the defendant objected to an expression of dissent by the court from a statement by counsel for the defense as to the law of the case while arguing a question as to the admissibility of evidence. It was said in the opinion on appeal that from the "unwarrantable assertion by counsel, made in the argument to the court, and in the presence of the jury, the court did not hesitate, as it was its duty to do, to declare its emphatic dissent." The opinion proceeded to say: "It would be strange, indeed, if counsel could make any sort of reckless assertion as to the law applicable to a case on trial, while arguing a question of evidence to the judge, and the latter was without authority to give expression of his full and emphatic dissent from the unwarrantable contention of counsel. This is certainly the right of a judge, and it may not be unfrequently his imperative duty to exercise that right in a very positive and emphatic manner."

In the case of *Simond v. State,* 127 Md. 29, 95 A. 1073, the right of the trial judge to dissent from the defense counsel's assertion, in his opening statement to the jury, that a witness testifying for the state is immune from prosecution, was questioned by exception but was sustained on appeal.

It was decided in *Nolan v. State,* 157 Md. 332, 146 A. 268, 271, that the lower court was right in refusing to allow counsel for the defendant to argue to the jury that the statute which he was charged with violating had been repealed, the question having been raised by demurrer to the indictment and decided adversely to the defendant's contention. In the same case it was held that there was no merit in an exception to a refusal to permit defendant's counsel "to argue in effect the question of the admissibility of evidence obtained by search and seizure, without warrant."

An argument to the jury against the constitutionality of an act of assembly was held to have been properly arrested by the trial court in *Franklin v. State,* 12 Md. 236.

It was held in *Kelly v. State,* 151 Md. 87, 98, 133 A. 899,

903, that "counsel are not permitted to argue to the jury that the court's construction of the law on a preceding motion to quash and a plea to the indictment was erroneous in order to secure through the jury a reversal or evasion of what the court had duly decided was the law with respect to its jurisdiction over the crime charged."

The problem to be solved in the present case is difficult, as the considerations which affect the solution are conflicting. It is consistent with the right of the jury to exercise their independent judgment as to the law, in a criminal case, that they should be informed of legal theories of the prosecution or defense which may be at variance with the court's advisory instruction. On the other hand, it seems hardly compatible with the relationship of members of the bar to the court of which they are officers, to permit them to combat its formal rulings in their arguments to the jury. No such privilege was recognized in any of the cases to which we have referred, though none of them involved the precise question here presented. For the first time it becomes the duty of this court to determine whether an advisory instruction that the legal effect of evidence is to bring the defendant within the operation of a penal statute precludes an argument before the jury to the contrary. If no suggestion can be made to them as to a different interpretation of the law, which may be the only defense, the right assured to the jury to disregard the court's instruction and form an independent judgment might have no real opportunity for its exercise. When an advisory instruction is considered necessary by the court, but is deferred until the argument to the jury is completed, the problem of protecting the jury's prerogative and the legitimate interests of the parties to the prosecution, and of insuring proper respect for the authority of the court, is greatly simplified. In *Wheeler v. State,* 42 Md. 563, the court said that it was not then called upon to decide at what stage of a criminal trial instructions should be given, "if given at all—whether before or after the argument of the case by counsel to the jury." In many cases the occasion for an advisory instruction may not become apparent until the

argument to the jury develops conflicting theories as to the law. If the instruction is not given until the conclusion of the argument, the jury in the meantime has been informed as to the respective contentions of the state and defense in regard to the law, and the embarrassments which might result from a recognition of the right of counsel to dispute the court's pronouncement before the jury are effectually obviated. That, in our judgment, was the course which should have been followed in the present case. The effect of the court's action in submitting its advisory instruction before the argument to the jury, and then refusing to permit counsel for the defendant to argue for a different interpretation of the law, was to prevent the presentation of the legal theory which was the ground of defense. In giving the instruction under circumstances, in regard to time and restrictions, which produced that result, we must hold that the trial court committed an injurious error.

*Judgment reversed, and new trial awarded.*

---

Bond, C. J., filed a separate opinion as follows:

While concurring in the reversal of the conviction on the ground that the appellant was not an agent within the meaning of the statute cited, I differ in some respects from what is said of the time of giving the advisory instruction. I am in disagreement on the necessity and wisdom of declaring the place of such an instruction in a trial to be controlled by a rule which leaves the judge no choice within the given description of cases. It seems to me possible that in some one of the many and varied situations that may arise in trials, it may be found more convenient and more conducive to a just result that the jury be advised of the meaning of a statute earlier than at the end of the trial, whether the defendant be making defense on it or not, and even if it prevents argument to the contrary. I do not quite see that there is any substance in a distinction between the court's doing

that, and its stopping and correcting a misstatement of law by counsel even at the opening of trial, which was held proper in *Simond v. State, supra.* Upon these considerations I think the court should go no further than to declare the better practice in the present case, and thus avoid adoption, for all trials, of a rule departure from which in any other instance coming within the description given would constitute reversible error.

It seems to me that it is desirable to shun, when possible, the promulgation of such unyielding rules for procedure.