FRANCIS J. WHEELER *vs.* THE STATE OF MARYLAND.

*Joinder of Counts in an Indictment for Gaming, &c. Judgment for the State on a general Demurrer to an Indictment, where one Count is Valid—Sufficiency of an Averment in an Indictment under the Code, Art. 30, prohibiting Gambling—Code, Art. 30, sec. 85—Question improper to be asked of a Witness—Practice in Criminal cases—Act of 1872, ch. 316—How far the Instructions of the Court in Criminal cases, are binding upon the Jury.*

Counts under the statute against gaming, and counts for keeping and maintaining such a common gambling house as to constitute a nuisance at the common law, may properly be joined in the same indictment.

If an indictment contain two distinct and independent charges for two separate offences, and the defendant demurs generally, though one of the offences be not indictable, or be insufficiently alleged, there will be a judgment for the State, upon the count which is valid, for the indictment may be good in part although defective in other parts of it.

The Code, Art. 30, sec. 56, provides that, "No person shall *keep* any gaming table, or *any house*, vessel, or *place*, on land or water, for the purpose of gambling:" and by sec 59, "any person keeping a gaming table, or other place for gambling, shall be deemed guilty of a misdemeanor, and on conviction thereof," &c. A count, in an indictment under this Article which avers that the accused, at a certain time and place, did, for gambling purposes, then and there *keep* a certain *place*, to wit, a certain room in his hotel, *for gambling then and there*, contrary to the statute, sufficiently charges the offence within the statute.

The offence is not confined to keeping a gaming table, but the keeping of any house or other place, *for the purpose of gambling*, is within the letter of the law. And in an indictment under this statute, it is not necessary to set forth the particular kind of gaming allowed, or the particular kind of gaming table kept by the accused; (Code, Art. 30, sec. 85;) but it is sufficient to charge the offence in the terms of the statute, as was done in this case.

On the trial of a party indicted under the statute against gaming, after the State had offered evidence by several witnesses in support of the indictment, the counsel for the traverser proposed to ask one of the witnesses on cross-examination, whether he had any knowledge of the traverser *keeping or having kept* a gaming table, or of his keeping or having *kept any room or place* for gambling, or for the purposes of gambling, &c. On objection by the State, it was HELD:

That the question was improper, and could not be asked; to have answered it, would have required of the witness to form a conclusion as to the matter of inquiry that the jury alone were competent to determine.

The jury on the trial of a party indicted under the statute against gaming, after having retired to consider of their verdict, and having remained in their room unable to agree for about sixteen hours, addressed to the Court in writing a communication, requesting to be informed, "Whether the charge contained in the third count of the indictment must be confined to the first day of January, 1874," the particular time mentioned in that count. This communication was received in open Court, and was announced to the counsel both of the accused and the State. To this inquiry the Court proposed to respond, "that it was sufficient, if the jury found the offence charged on the day mentioned, or at any other time between that day and the day of finding the presentment;—that such was the opinion of the Court, by which however the jury was not bound." To the sending this response to the jury, the counsel for the accused objected, and insisted that if any instructions were given to the jury at that stage of the case, the jury should be brought into open Court, and there be instructed by the Court on the law of the case, on such prayers as the counsel on either side might submit, and notified the Court that the accused desired the jury to be instructed in accordance with a prayer then submitted. The Court declined to have the jury brought from their room, but sent the proposed response in writing to them, by the bailiff. The accused excepted, and on appeal, it was HELD:

That the action of the Court below in refusing to have the jury brought into Court, and declining, under the circumstances of the case, to instruct them as desired by the accused, afforded no ground of exception, under the Act of 1872, ch. 316.

The jury are made the judges of law as well as of fact, in the trial of criminal cases, under the Constitution of this State; and any instruction given by the Court, as to the law of the *crime* is but advisory, and in no manner binding upon the jury, except in regard to questions as to what shall be considered as evidence.

Wheeler *vs.* The State.

APPEAL from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court. The prayer offered by the counsel for the appellant, referred to in the opinion of the Court, was as follows:

"That if the jury find from the evidence that the traverser was, for the time named in the indictment, the proprietor and keeper of the Westminster Hotel, in Westminster, and that cards were played in rooms of his hotel, at various times within said period, the jury ought not to render a verdict of guilty in this case, unless they shall further find that the traverser kept in some one of the rooms mentioned in the indictment, a gaming table for gambling, or that he kept some one or more of said rooms for gambling purposes."

The cause was submitted to BARTOL, C. J., STEWART, BRENT, GRASON and ALVEY, J.

*J. A. C. Bond* and *Wm. P. Maulsby,* for the appellant.

*Attorney General Syester,* for the appellee.

ALVEY, J., delivered the opinion of the Court.

The record proper in this case does not embrace the demurrer to the indictment, but it appears from a copy of the docket entries of the proceedings in the Court below, appended to the record, that there was a demurrer interposed to the indictment before the plea of not guilty was pleaded, and that such demurrer was overruled. And although not properly presented, yet, inasmuch as it has been argued by the counsel for the appellant as if it were regularly before the Court, in order to save further trouble, and prevent delay, we shall so consider it.

The indictment contains eight counts; six on the statute against gaming, and the two last for keeping and maintaining such a common gambling house as to constitute a

nuisance at the common law. The demurrer was to the whole indictment, and one of the grounds of demurrer urged is, that such counts could not, properly, have been joined in the same indictment. But in this we do not agree. For it is the well established and constant practice, to charge offences, though differing from each other, and varying in the punishment authorized to be inflicted, in separate counts of one indictment, and to try the accused upon the several charges at the same time, provided the offences be of the same general character, differing only in degree. *Burke vs. The State,* 2 *H. & John.,* 427; *Manly vs. The State,* 7 *Md.,* 135; 1 *Whar. Cr. L., sec.* 414. In misdemeanors, the joinder of several offences will not, in general, vitiate the prosecution in any stage of it; and an indictment may contain counts under a statute and also at common law, as in the present instance. 1 *Chitty Cr. L.,* 254; 1 *Whar. Cr. L., secs.* 414, 415; *Com. vs. Birdsall,* 69 *Penn.,* 482. And if the indictment contain two distinct and independent charges for two separate offences, and the defendant demurs generally, though one of the offences be not indictable, or be insufficiently alleged, there will be a judgment for the State, upon the count which is valid, for the indictment may be good in part, although defective in other parts of it. 1 *Chitty Cr. L.,* 443.

In this case, the jury having found the appellant guilty of the offence as charged in the third count only, and not guilty as to the other counts of the indictment, the question, whether the counts, other than the third count, contain sufficient charges of the offence, has become quite immaterial, and is not open to review.

And as to the third count, we think it sufficiently charges the offence within the statute. It avers that the appellant, at a certain time and place, did, *for gambling purposes,* then and there *keep* a certain *place,* to wit, a certain room in his hotel, *for gambling then and there,* contrary to the statute.

The Code, Art. 30, sec. 56, provides, that "No person shall *keep* any gaming table, or *any house,* vessel or *place,* on land or water, for *the purpose of gambling;*" and by sec. 59, "Any person keeping a gaming table, or *other place for gambling,* shall be deemed guilty of a misdemeanor, and on conviction thereof," &c.

The offence is not confined to keeping a gaming table, but the keeping of any house or other place, *for the purpose of gambling,* is within the letter of the law. And in an indictment under this statute, it is not necessary to set forth the particular kind of gaming allowed, or the particular kind of gaming table kept by the accused; *Code, Art.* 30, *sec.* 85; but it is sufficient to charge the offence in the terms of the statute, as has been done in this case. *People vs. Bealty,* 14 *Cal.,* 566; *Spratt vs. The State,* 8 *Miss.,* 247; *The State vs. Ward,* 9 *Texas,* 370; *The State vs. Elborn,* 27 *Md.,* 483. It is clear, therefore, that the third count is sufficient; and we do not in the least intimate that all the others in the indictment are not equally good.

There was a motion in arrest of judgment, which was also overruled; but there were no reasons assigned for the motion, and we discover in the record no ground upon which the motion could have been sustained; and we shall therefore take no further notice of it.

There were two exceptions taken by the appellant to rulings of the Court, in the course of the trial. The first was with respect to a question of evidence, and it arose thus:

After the State had offered evidence by several witnesses in support of the indictment, the counsel for the appellant proposed to ask one of the witnesses, on cross-examination, whether he, the witness, had any knowledge of the traverser *keeping,* or *having kept a gaming table,* or of his keeping or having *kept any room* or *place for gambling,* or for the purposes of gambling, &c.; to which the State objected, and the Court sustained the objection, and re-

fused to allow the question to be put to the witness in that form.

This ruling of the Court, we think, was entirely correct. To have answered the question as proposed to be asked, it would have required of the witness to form a conclusion as to the matter of inquiry that the jury alone were competent to determine. He would have been required to respond to a question of law as well as of fact; to define what constituted a gaming table, and what the keeping a room or place for gambling, within the meaning of the statute. This he was incompetent to do. His idea of a gaming table, or a place kept for gambling, may have been quite different from the definitions of those things in the law. He should have been asked simply his knowledge of *fact* pertinent to the issue joined, without being required to form an opinion respecting the very point which the jury were to determine. Such a question would not be allowable even to an expert. 2 *Taylor's Ev.*, 1229.

The second exception was taken under the following circumstances:—

After the close of the evidence, and the case had been fully argued to the jury, and the jury had retired to consider of their verdict, and had remained in their room unable to agree for about sixteen hours, they addressed to the Court in writing a communication, requesting to be informed, "whether the charge contained in the third count of the indictment must be confined to the first day of January, 1874," the particular time mentioned in that count. This communication was received in open Court, and was announced to the counsel both of the appellant and the State. To this inquiry, the Court prepared a response in writing, which it proposed to send to the jury-room; and that response was, that it was sufficient, if the jury found the offence charged on the day mentioned, or at any other time between that day and the day of finding the presentment;—that such was the opinion of the Court, by which, however, the jury was not bound.

It appears from the record, that the presentment and indictment were both found at the May Term, 1874, and that the trial took place on the 25th of that month.

To the sending the reply of the Court to the inquiry of the jury, as proposed, the counsel of the appellant objected, and insisted that if any instructions were given to the jury at that stage of the case, the jury should be brought into open Court, and there be instructed by the Court on the law of the case, on such prayers as the counsel on either side might submit, and notified the Court that the appellant desired the jury to be instructed in accordance with a prayer, which was then read, and which is set out in the record. The Court, notwithstanding this objection, and the request that the jury should be brought in, to be instructed, declined to have the jury brought from their room, but sent the written response to them by the bailiff; whereupon an exception was taken.

In the course pursued by the Court we can perceive no manner of objection whatever. It was certainly within the power if not the duty of the Court to respond to the inquiry of the jury, and as it is not pretended that that response stated anything inconsistent with law, or that it was in the least manner calculated to mislead the jury in their finding, we are at a loss to understand upon what principle this Court can be expected to reverse the ruling of the Court below, unless it be that the jury should have been brought into Court to receive the response to their inquiry. But why bring in the jury to receive such a response? It would have been but an empty form, unless it be true, as contended by the counsel for the appellant, that it was his right to have the jury fully instructed upon the law of the case. But this Court entertains no such opinion as that. The case had been fully argued before the jury, both upon the law and the facts, and had been submitted to the jury for their consideration and decision. The time had, therefore, past when the parties could right-

Wheeler *vs.* The State.

fully apply to the Court for instruction as to the law of the case. The jury are made the *judges* of law as well as of fact, in the trial of criminal cases, under the Constitution of this State; and any instruction given by the Court, as to the law of the *crime*, is but advisory, and in no manner binding upon the jury, except in regard to questions as to what shall be considered as evidence. Whether the Court is bound to instruct the jury in criminal cases, upon the application of the parties, or either of them, or at what stage of the trial instructions should be given, if given at all,—whether before or after the argument of the case by counsel to the jury,—or whether the *refusal* of the Court to give instructions at the instance of either party be the subject of an exception; are questions that we are not now called upon to decide, and in regard to them we intimate no opinion. But as to the action of the Court below, in refusing to have the jury brought into Court, and declining, under the circumstances of the case, to entertain the proposition to instruct the jury as desired by the appellant, we think there can be no question; and that such action of the Court afforded no ground of exception, under the Act of 1872, chapter 316.

*Rulings affirmed, and*
*cause remanded for*
*judgment.*

(Decided 8th June, 1875.)