JOHN E. CROUT *v.* STATE OF MARYLAND.
[No. 14, April Term, 1929.]

*Decided May 23rd, 1929.*

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*William Curran* and *Robert F. Leach, Jr.,* for the appellant.

*Thomas H. Robinson, Attorney General, Willis R. Jones, Assistant Attorney General,* and *Herbert R. O'Conor, State's Attorney for Baltimore City,* for the State.

DIGGES, J., delivered the opinion of the Court.

The appellant was convicted in the Criminal Court of Baltimore City upon an indictment charging the violation of sections 26 to 31 inclusive of article 56 of the Code. These provisions require hawkers and peddlers to procure a license

before engaging in that business, and to pay therefor the sum therein specified. The penalty for a violation of the statute is a fine of not less than twenty-five nor more than one hundred dollars. The indictment appears to charge the offence in the words of the statute. The traverser entered the plea of not guilty and submitted the case to the court sitting as a jury, upon an agreed statement of facts signed by the attorneys for the State and traverser. On the verdict of guilty, a fine of twenty-five dollars and costs was imposed by the court. It is from that judgment this appeal is prosecuted.

The record does not present the question sought to be raised in the manner required by the law governing appeals to this court, and we are therefore precluded from considering it.

There is no bill of exception contained in the record; neither is it authenticated in any manner by the trial judge. The docket entries show no demurrer, or motion to quash the indictment.

Under such circumstances the appeal must be dismissed, because there is no ruling of the trial court excepted to and certified in such manner as to make it reviewable in this court.

By section 86 of article 5 of the Code, when an appeal is taken in a criminal case the proceedings are to be the same as in a civil case. *Mitchell v. State,* 82 Md. 531; *State v. Williams,* 85 Md. 231; *Hamilton v. State,* 127 Md. 312.

In the late case of *Dunn v. State,* 140 Md. 164, it was said: "There is therefore presented in the record nothing for this court to review, there being neither demurrer nor formal exception taken to any ruling of the trial court."

In the present case, in addition to the defects pointed out by Judge Stockbridge in *Dunn v. State, supra,* the record is not certified as required by chapter 224 of the Acts of 1927, which provides in part as follows: "Bills of exception shall be so prepared as only to present to the Court of Appeals the rulings of the court below upon some matter of law, and shall contain only such statement of facts as may be necessary to explain the bearing of the rulings upon the issues or

questions involved; * * * Only one signature by the court shall be necessary, which signature shall be affixed at the end of all the bills, and shall be construed as indicating the approval by the court of all of said bills, and which signature shall be immediately preceded by the words, 'the foregoing bill (or bills) approved this.........day of...... 19...' * * * And it shall be the duty of the judges of the court below to require exceptions to be prepared in accordance with this rule." Records must be in substantial compliance with the requirements of the statute, and the rules of this court; otherwise we are not at liberty to consider them.

*Appeal dismissed, with costs to the appellee.*