JOSEPH WILKERSON *v.* STATE OF MARYLAND
[No. 45, October Term, 1936.]

*Decided January 11th, 1937.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, SHEHAN, and JOHNSON, JJ.

*George B. Woelfel,* for the appellant.

*Herbert R. O'Conor, Attorney General,* with whom were *Hilary W. Gans, Deputy Attorney General,* and *Roscoe C. Rowe, State's Attorney for Anne Arundel County,* on the brief, for the State.

JOHNSON, J., delivered the opinion of the Court.

On April 27th, 1936, Joseph Wilkerson was presented by the grand jury for Anne Arundel County with having obstructed justice by destroying certain evidence in the case of State of Maryland v. Frances Van Meter before Magistrate Kirkwood in the county and state aforesaid, on or about December 13th, 1935, and subsequently, on May 4th, was indicted by the grand jury of that county for the same offense. He pleaded not guilty, and elected to be tried before a jury, by whose verdict he was found guilty and sentenced by the court to pay a fine of $100 and costs and stand committed to the county jail until fine and costs were paid. From this sentence he has prosecuted an appeal to this court. The record before us is very meager, much of it consisting of testimony purported to have been given at the trial in the lower court, which, however, is in no way certified in accordance with the requirement of Rule 5 of this court, relating to

appeals from courts of law, for which reason it cannot be considered on this appeal. See, also, Code, art. 5, sec. 12 (amended by Laws 1927, ch. 224); *Crout v. State,* 157 Md. 387, 146 A. 241.

There are, however, two exceptions properly before us. The first of these relates to the action of the court in permitting a question to be asked a State's witness during his examination in chief, but since this exception was not argued on appeal, we will, under section 4, Rule 39 of this court, treat it as abandoned, and this brings us to the second and final exception.

The case went to the jury solely upon the testimony offered by the State, the traverser himself not having testified nor produced any witnesses to deny the statements made by those who testified on behalf of the State. His counsel, during the course of his argument to the jury, made the statement that, "No presumption of guilt arose from the fact that traverser failed to take the witness stand," whereupon the State's Attorney objected to the statement and was sustained by the court, who also remarked that it was "not proper for counsel to comment in any way on the failure of the defendant to take the witness stand." The court's action, of course, prevented traverser's counsel from stating to the jury the law applicable to the situation under consideration, notwithstanding section 5 of article 15 of the Maryland Constitution, which provides, "in the trial of all criminal cases, the jury shall be the Judges of Law, as well as of fact." Moreover, by statute in this state (Code, art. 35, sec. 4), it is expressly provided that: "In the trial of all indictments, complaints and other proceedings against persons charged with the commission of crimes and offenses, and in all proceedings in the nature of criminal proceedings in any court of this State, and before a justice of the peace or other officer acting judicially, the person so charged shall at his own request, but not otherwise, be deemed a competent witness; but the neglect or refusal of any such person to testify shall not create any presumption against him."

Since, therefore, by constitutional provision the jurors are made the judges of law as well as of fact, it is difficult to understand how they are to know the law in any particular case if counsel are to be denied the privilege of stating it to them, for the court will take judicial knowledge of the fact that most jurors are laymen, and therefore do not possess knowledge of the law. In the present case, it is undisputed that traverser was correctly stating a law which the jury should have observed in arriving at a verdict. We feel he was well within his rights, and that the action of the court in the presence and hearing of the jurors not only caused them to ignore the statement of the law which counsel had made, but effectively prevented him from making any other statement to them concerning the law.

The aspect of the case under consideration is not at all analogous to the situation considered by this court in such cases as *Newton v. State*, 147 Md. 71, 92, 127 A. 123, and *Smith v. State*, 169 Md. 474, 477, 182 A. 287, where, notwithstanding improper remarks to the jury had been made by state's attorneys, they were held to be uninjurious in view of the further fact that the trial court had, in those cases, cautioned the juries to disregard and ignore such remarks. But here the statement made by traverser's counsel was not only proper but vital to his client's defense, and we must hold that the action of the trial court in sustaining the State's objection to this line of argument was both erroneous and injurious. For this reason the judgment appealed from will be reversed.

*Judgment reversed, and new trial awarded.*