## SCHANKER *v.* STATE

[No. 164, October Term, 1954.]

Decided July 27, 1955.

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Samuel Gordon* and *Louis H. Cohen,* for appellant.

*Stedman Prescott, Jr., Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *Alger Y. Barbee, State's Attorney for Montgomery County,* on the brief, for the appellee.

BRUNE, C. J., delivered the opinion of the Court.

The appellant, Samuel Schanker, was indicted in Montgomery County for having obtained the sum of $600 from one Walter R. Dickson (or Dixon) by false pretenses. He was tried before the Circuit Court of that county and a jury, was found guilty and was sentenced to six months' imprisonment. He appeals from the judgment.

The appellant seeks a reversal upon these grounds: an alleged defect in the indictment; two rulings on evidence; and a query or comment on a question of law addressed by one of the judges to counsel for the appellant during the argument of the case to the jury. We shall take these matters up in the order in which we have stated them.

1. The Indictment.

The indictment is in the statutory form authorized by Code (1951), Article 27, Section 695, for use in false pretense cases. It specifies the section of Article 27 which was violated as Section 167. That is the so-called Worthless Check Act, which, among other things, declares it an offense, with intent to cheat and defraud, to obtain money from another by means of a check drawn on a bank

not indebted to the drawer, and makes non-payment of such a check *prima facie* evidence of an intent to cheat or defraud. The gravamen of the appellant's complaint here is that the indictment did not charge that the means of obtaining the money was the use of a worthless check.

We find the objection not sustainable for several reasons.

First, the indictment was in a form authorized by statute, and if the reference in the body of the indictment to the section alleged to have been violated was not sufficient to inform the accused of the charge against him, he could have obtained a bill of particulars by demanding one in accordance with Section 694 of Article 27, and thus could have escaped any possible element of surprise. He made no such demand.

Second, no objection to the form of the indictment was made in the trial court, and it can hardly be contended that an indictment expressed in the form set out in Section 695 of Article 27 fails to state an offense. See *State v. Edwards*, 124 Md. 592, 92 A. 1037.

Rule 9 of our Rules and Regulations Respecting Appeals bars us from deciding any point or question not tried and decided by the trial court; and if the indictment had been open to a motion to dismiss in the nature of a demurrer (which we certainly do not imply), such a motion should have been made before trial in accordance with Rule 3(a) and 3(b) (2) of the Criminal Rules of Practice and Procedure.

The case of *Willis v. State*, 205 Md. 118, 106 A. 2d 85, relied upon by the appellant at least inferentially, is authority for the proposition that Section 694 of Article 27, which dispenses with the necessity of stating in the indictment the particular false pretense intended to be relied upon, and provides for furnishing such information through a bill of particulars is valid. Otherwise, it has no direct application to this case. The primary question there related to the burden of proof, not to the sufficiency of the indictment. It was held that where

an indictment purported to be founded upon Section 165 of Article 27, which is the original or general False Pretense Act, the presumption of intent to defraud created under Section 167, the Worthless Check Act, by the non-payment of the check is not available to the State, even though the means used to obtain property by false pretenses was a check which proved to be worthless.

2. Rulings on Evidence.

(a) Cashing of Checks for a Third Party. The appellant set up as his defense the contention that he had borrowed money from Dixon at a usurious rate for a period of thirty days and that the check was to be held for that time—in substance, that it was a promissory note.

The appellant sought, and was permitted to seek, by cross-examination of Dixon to show that Dixon was in the loan shark business. The question to which the State's objection was sustained related to the number of checks which Dixon had cashed for a man named Forte, who was the person who had introduced Schanker to Dixon on the occasion which gave rise to this prosecution. The trial court held evidence with regard to the number of checks cashed by Dixon for Forte to be immaterial on the question at issue. We agree.

(b) Hearsay Evidence Elicited on Cross-Examination. The appellant undertook to cross-examine Dixon as to why he had held the appellant's check for thirty days before presenting it to the bank on which it was drawn. Dixon had testified that he had been advised the "very next day," evidently the day after the transaction with Schanker, to hold it. He was then asked "By whom?" His answer was "By Mr. Forte." At this point the appellant objected. In a colloquy between court and counsel, the appellant's counsel stated that he had not anticipated that the answer would be hearsay, but also that he wanted his question answered. This was not a case such as *MacEwan v. State,* 194 Md. 492,

71 A. 2d 464, where cross-examination not only brought out a hearsay response but also that the evidence in chief upon which the cross-examination was based had also been hearsay—a fact not developed until cross-examination. It was there held that all of the hearsay testimony should have been stricken out.

We think the court's ruling was clearly correct. See *United Railways Co. v. Corbin,* 109 Md. 442, 455, 72 A. 606.

3. Comment on Counsel's Closing Argument on the Law.

An addition to the record, inserted with the approval of the trial court, shows that one of the appellant's trial counsel, in making his argument to the jury, stated that "if the jury believed the defendant's testimony that the check was not to be cashed for thirty days, and that the defendant gave a $600.00 check for $500.00 cash, that no crime had been committed." Trial counsel stated that at this point one of the judges interrupted his argument to ask "Do you believe that is a defense to this cause?" Counsel answered "Yes" and explained why. The trial judge does not recall exactly the point at which this interruption took place, but there is no reason to doubt the accuracy of the recollection of counsel. It also appears from the addition to the record, the inclusion of which was approved by the judge who asked the question, that after this question and answer, counsel for the appellant completed his argument to the jury without further comment by the court. The appellant asserts that the court invaded the province of the jury, which under Article XV, Section 5, of the Constitution of Maryland (with one exception not here involved) is the judge of the law as well as of the facts in criminal cases, and that this comment or query prejudiced the jury.

There is nothing in the record to show what, if any, instructions were given to the jury in this case, and it follows, of course, that there is no exception before us to any views of the law which the court may have ex-

pressed in any instructions which may have been given. Under our almost unique constitutional provision any instructions on the law which the court may give (subject to the one exception already mentioned) are purely advisory and the court must so inform the jury. Criminal Rules of Practice and Procedure, Rule 6.

There is likewise nothing in the record to indicate that during the trial any objection was made to the inquiry or comment of the court which is now complained of or that any request was made that a juror be withdrawn and a mistrial declared because of the (now) allegedly prejudicial character of the comment. (In pointing out these facts we are not to be understood as suggesting or implying any criticism of the appellant's trial counsel, neither of whom represents him on this appeal.)

The right of the trial court to give advisory instructions in criminal cases was recognized long before the adoption of the present Criminal Rules of Practice and Procedure. See *Klein v. State*, 151 Md. 484, 135 A. 591, *Vogel v. State*, 163 Md. 267, 162 A. 705 and cases therein cited. The right to give such instructions is clearly recognized and expressed in Rule 6 of those Rules. If the appellant's contention is based upon the premise that the court's inquiry amounted to an instruction and was improper, it should have been objected to at the time, as provided by paragraph (g) of Rule 6. That paragraph, however, also permits this Court, of its own motion, "to take cognizance of and correct any plain error even though not included in the assignment of errors." We do not regard this comment as calling for such action on our part.

Under our system of jury trials in criminal cases, differences between the court and counsel with regard to the law applicable to the case not only may develop before the jury, but are to be left to the jury for determination. See, for example, paragraph (e) of Rule 6 which expressly provides that the court's giving of ad-

visory instructions prior to the argument of the case shall not preclude counsel from arguing to the contrary. (This involves at least a reversal in part of a rule recognized long before the adoption of the Criminal Rules of Practice and Procedure. See *Beard v. State,* 71 Md. 275, 17 A. 1044; *Bell v. State,* 57 Md. 108; *Franklin v. State,* 12 Md. 236. Cf. *Vogel v. State, supra.*)

In the face of the present Rule 6 (e) it cannot be successfully contended that the mere fact that the jury is informed that the court holds a different view of the law from that asserted by counsel constitutes prejudicial error.

Nor can it be successfully contended that the trial judge may not express dissent from counsel's statements as to the law in the course of a criminal trial. *Garlitz v. State,* 71 Md. 293, 18 A. 39; *Simond v. State,* 127 Md. 29, 95 A. 1073; *Nolan v. State,* 157 Md. 332, 146 A. 268. In the *Garlitz* case, the question arose over counsel's statement relating to the admissibility of evidence and his statement was held to have been clearly erroneous; in the *Simond* case, the challenged statement pertained to the repeal of a statute and was made in the course of counsel's opening statement; and in the *Nolan* case the court twice interrupted counsel for the traverser in order to prevent or cut off arguments to the jury contrary to what the court had previously ruled on questions of law—on demurrer in one instance and on the admissibility of evidence in the other.

This is not a case in which the defendant's counsel was precluded from arguing a question of law at all, as in *Wilkerson v. State,* 171 Md. 287, 188 A. 813, relied upon by the appellant. On the contrary, in the instant case, counsel for the appellant was permitted to make and did make his argument in full before the jury on his questioned theory of law, and the court made no further comment thereon after the query above mentioned. It is inferable that the court was satisfied by counsel's explanation, but there is nothing to prove whether this

was or was not so.  Even assuming that it was not, we cannot say that the court's inquiry followed immediately, as it was, by counsel's reply and argument in support of his view, and not followed by any further comment by the court, constituted a "plain error material to the rights of the accused."  We think that the appellant had his day in court and had it fairly.  Cf. *Dick v. State,* 107 Md. 11, 68 A. 286, in which it was stated that after the court had told the jury that he had determined a question of agency in passing on the admissibility of evidence, but that the jury was not compelled to accept his opinion, the defendant was not entitled to a charge that the jury was "not to pay any attention" to the remarks of the court.

We have now reviewed each of the appellant's contentions, and it follows from the views above expressed that the judgment should be affirmed.

*Judgment affirmed, with costs.*