Tyrone **JENKINS**

v.

**William L. SMITH and The Attorney General of the State of Maryland.**

**No. Civ. B–93–3644.**

United States District Court, D. Maryland.

Feb. 9, 1999.

418

Tyrone Jenkins, pro se.

J. Joseph Curran, Jr., Attorney General of Maryland and Mary Ann Ince, Assistant Attorney General, Office of the Attorney General, of Baltimore, MD, for respondents.

*OPINION*

WALTER E. BLACK, Senior District Judge.

Presently pending before the Court is the Report and Recommendation of the United States Magistrate and Tyrone Jenkins' objections to the Report and Recommendation. Jenkins, acting *pro se,* filed a petition for writ of habeas corpus challenging the constitutionality of his state court convictions pursuant to 28 U.S.C. § 2254. On July 24, 1997, this Court issued a Memorandum Opinion and Order reserving consideration on one issue and affirming in all other respects the Report and Recommendation to deny Jenkins' petition on all grounds. Specifically, the Court reserved for further consideration Jenkins' claim that the trial judge denied him his constitutional rights by instructing the jury only in an advisory capacity. The Court ordered the petitioner and respondents to submit supplemental memoranda briefing this issue.

On August 14, 1975, Jenkins was convicted, after trial by jury, of robbery with a deadly weapon, assault with intent to murder, carrying a handgun, and using a handgun (collectively "the 1975 convictions" or "CT 15103"). On September 11, 1975, petitioner was sentenced to imprisonment for twenty years on the armed robbery conviction, fifteen years on the assault with intent to murder conviction, three years on the carrying a handgun conviction, and five years on the using a handgun conviction. The latter three sentences were to run concurrently with each other, and the resulting fifteen-year concurrent sentence was to run consecutively to the twenty-year sentence for armed robbery. Petitioner is currently incarcerated on the basis of these convictions.

At the time of sentencing, Jenkins was already serving two fifteen-year concurrent sentences, which had commenced on August 25, 1971, for previous convictions of armed robbery and assault with intent to murder ("the 1972 convictions" or "CT

11925"). The commitment record for the 1975 convictions notes that the sentences imposed for the 1975 convictions are to run consecutively to those imposed for the 1972 convictions.

The Court has determined that a hearing is not necessary and is prepared to rule based upon the record now before it. *See* Local Rule 105.6.

## I.

In its Memorandum Opinion, the Court expressed concern about the constitutional validity of the trial court's jury instructions relating to (1) the burden of proof; (2) the presumption of innocence; (3) the defendant's right to remain silent; (4) the defendant's right to have his guilt or innocence determined separately as to each count; and (5) the defendant's right to have his guilt or innocence determined based solely on his own conduct. At the outset of the jury instructions on each of the aforementioned issues of law, the trial court expressly stated its instructions were "in an advisory capacity" and so reiterated as a preface to each instruction. CT 151093 Transcript at 282–88.

THE COURT: [I]t, accordingly, becomes the *Court's function to give you certain advisory instructions* with reference to this matter. You will note that *I use the word "advisory" and I do so intentionally* in that in this case, as is true in all criminal cases in Maryland, *it is the function of the jury to be the sole judges of both the facts and the law.* That is to say, it is up to you, the jury, solely, to determine what the factual situation was and then to apply to that factual situation *what you find the law to be.*

Accordingly, *anything the Court says to you with reference both to the facts and the law is done so in an advisory capacity only* . . . .

Further, *the Court says to you, in an advisory capacity,* that the burden of proof, which rests on the State, as represented by the State's Attorney in this case, is that the Defendants must be found guilty at your hands only after you are satisfied beyond a reasonable doubt and to a moral certainty of the guilt of the Defendants, or either of them, or any or all of the charges brought against the Defendants. . . .

In connection with the burden of proof in a criminal case, *the Court also says to you, in an advisory capacity,* that these Defendants are presumed to be innocent of the charge or charges against them and that they cannot be found guilty of the charge or charges until you, the jury, are satisfied beyond a reasonable doubt of their guilt. . . .

*You are advised, in an advisory capacity,* that all Defendants have a constitutional right to testify if they want to, they had a right to refuse to testify if they don't want to, and if they choose to exercise their constitutional right to remain silent, you, the jury, may not draw any inferences of guilt therefrom. . . .

*The Court further says to you, in an advisory capacity,* that the Defendants in this case have been charged with more than one count. You are to consider each count separately and weigh the evidence relevant to each count as if it were the only count with which the Defendant or Defendants are charged. Each Defendant is entitled to have his guilt or innocence determined as to each count from the evidence which applies to that count. . . .

*Further, the Court says to you, in an advisory capacity,* that where there is more than one Defendant being tried, you should consider each Defendant separately and weigh the evidence against each as if he were the only Defendant. Each Defendant is entitled to have his guilt or innocence determined from his own conduct and from the evidence which applies to him alone. You are instructed to give fair and impartial consideration to each Defendant. . . .

*Id.* (emphasis added).

Petitioner contends that such advisory instructions on the law violate his rights to due process and a fair and impartial trial.

At the time of petitioner's conviction on August 14, 1975, Article XV, section 5 of the Maryland Constitution provided that "[i]n the trial of all criminal cases, the Jury shall be the Judges of Law, as well as of fact, except that the Court may pass upon the sufficiency of the evidence to sustain a conviction." Md.Code Ann., Const., Art. XV, § 5 (1958, 1972 Repl.Vol.). The text of Article XV is presently stated in Article 23 of the Maryland Declaration of Rights. Petitioner argues that Article 23 is unconstitutional on its face, or in the alternative, that the jury instructions as given by the trial court "in the interest of substantial justice ... or by manifest necessity" require the granting of a new trial. Petitioner requests a new trial with binding jury instructions as to the law.

## II.

Article 23 has been interpreted to require Maryland courts to announce to the jury that the court's instructions on the law and the facts were advisory as a way to "curb the power of the judiciary". *Stevenson v. State*, 289 Md. 167, 175, 423 A.2d 558 (1980). As far back as the late 1800's, the Maryland courts have endorsed the practice of advisory instructions. *See, e.g.*, *Wheeler v. State*, 42 Md. 563, 570 (1875) ("[A]ny instruction given by the court, as to the law of the *crime*, is but advisory, and in no manner binding upon the jury, except in regard to questions as to what shall be considered as evidence.") (emphasis in original); *Beard v. State*, 71 Md. 275, 279–80, 17 A. 1044 (1889) ("Whenever, however, the Judge has thought it proper to instruct, it has always been deemed necessary that he should be careful to put the instruction in an advisory form ...."); *Schanker v. State*, 208 Md. 15, 21, 116 A.2d 363 (1955) ("The right of the trial court to give advisory instructions in criminal cases was recognized long before the adoption of the present Criminal Rules of Practice and Procedure.").

Over time, however, a more explicit limiting trend occurred with respect to the scope of Article 23's declaration that "the Jury shall be the Judges of the Law" as interpreted by the Maryland courts. In 1980, the Maryland Court of Appeals in *Stevenson* finally set forth a detailed history of the scope of Article 23. *Stevenson*, 289 Md. at 173–81, 423 A.2d 558. The *Stevenson* court was careful to explain that despite the facially broad language, Article 23 does not give juries unlimited authority to judge all aspects of the law. *Id.* at 176–7, 423 A.2d 558. Rather, the court stated that "the past decisions of this Court make it quite evident that the jury's role in judging the law under Article 23 is confined 'to *resolv[ing] conflicting interpretations of the law [of the crime]* and to decid[ing] whether th[at] law should be applied in dubious factual situations,' *and nothing more.*" *Id.* at 179, 423 A.2d 558 (emphasis in original) (alterations in original) (quoting *Dillon v. State*, 277 Md. 571, 581, 357 A.2d 360 (1976)).

The following year, the Maryland Court of Appeals again had the opportunity to further expound upon Article 23 in *Montgomery v. State*, 292 Md. 84, 437 A.2d 654 (1981). *Montgomery* reiterated the explanations in *Stevenson* and further clarified the issue, stating: "There are certain bedrock characteristics which distinguish our system from most others throughout the world and which are indispensable to the integrity of every criminal trial ..." including, *inter alia*, the presumption of innocence, the burden of proof, and the right to remain silent. *Id.* at 91, 437 A.2d 654. "Instructions on these matters are not 'the law of the crime;' they are not advisory; and they cannot be the subject of debate by counsel before the jury. They are binding." *Id.* As recently as 1988, the Court of Appeals rendered Article 23 practically superfluous. *See In re Petition for Writ of Prohibition*, 312 Md. 280, 318, 539 A.2d 664 (1988) ("What it all boils down to now is that the jury's right to judge the law is virtually eliminated; the provision, as we have construed it, basically protects the jury's right to judge the facts.").

Although the issue before the Court appeared to be whether the clarifying interpretations announced in *Stevenson* and *Montgomery* in 1980 and 1981, respectively, should be applied retroactively to Jenkins who was sentenced in 1975, the Court finds that this is not a retroactivity issue at all. Rather, the *Stevenson* court is clear that it did not make new law, but rather it merely clarified what has always been the law in Maryland. *Stevenson,* 289 Md. at 176–77, 423 A.2d 558 ("Despite Article 23's facial breadth, it is a postulate *well recognized in the prior decisions of this Court* ... that Article 23 'does not mean precisely what it seems to say.' ") (emphasis added) (citations omitted) (quoting *Giles v. State,* 229 Md. 370, 382–83, 183 A.2d 359 (1962)). Furthermore, the *Stevenson* court noted that as far back as 1858 in *Franklin v. State,* 12 Md. 236 (1858), the Maryland Court of Appeals was limiting the "outer boundaries" of Article 23. *Stevenson,* 289 Md. at 177, 423 A.2d 558. By 1875, in *Wheeler v. State,* the Maryland Court of Appeals had explicitly stated that instructions by the court on the law of the crime, are advisory only. 42 Md. 563, 570 (1875). In *Stevenson,* the Maryland Court of Appeals set forth with detail its conclusion that its narrow interpretation of Article 23 is consistent with the state of the law in Maryland since as early as the mid–1800s, and accordingly, there is no retroactivity issue before the Court with respect to the substantive issue of the constitutionality of advisory jury instructions in 1975.

The Court thus focuses on whether Jenkins properly preserved the issue for adjudication by this Court on a federal habeas corpus petition. Jenkins' case is similar to a 1982 appeal of a criminal conviction in the Maryland Court of Special Appeals, *Guardino v. State,* 50 Md.App. 695, 440 A.2d 1101 (1982), where the court determined that the trial court's charge to the jury was "erroneous in that it was not in conformance with *Stevenson* .and *Mont-*

gomery." *Id.* at 702, 440 A.2d 1101. The *Guardino* court also did not rule on the retroactivity question of *Stevenson*[1] and *Montgomery.* The court, however, did find defendant's failure to raise an objection to the jury charge at trial to be a procedural waiver of the argument on appeal. *Id.* at 702–03, 437 A.2d 654; *accord Simms v. State,* 52 Md.App. 448, 455, 449 A.2d 1196 (1982) (refusing to consider defendant's claim that trial court committed plain error in giving advisory instructions on the State's burden of proof because defendant did not so object during his 1977 trial).

Similarly, Jenkins did not raise an objection to the advisory nature of the jury instructions at the trial or on appeal, and thus, consistent with Maryland's procedural default rule, appears to have waived the right to raise the issue on post-conviction or habeas review. *See Walker v. State,* 343 Md. 629, 645, 684 A.2d 429 (1996) ("'[A] multitude of cases in this Court, make it clear that the failure to object to a jury instruction ordinarily constitutes a waiver of any later claim that the instruction was erroneous."); *see also Prokopis v. State,* 49 Md.App. 531, 534, 433 A.2d 1191 (1981) (finding that by not raising the argument on appeal, petitioner waived his right to complain about the jury instructions in post conviction proceedings pursuant to Md.Code, Art. 27 § 645A(c)).

In the context of a federal habeas review of a state court conviction, the Supreme Court has held that arguments defaulted at trial pursuant to independent and adequate state procedural grounds are not properly before the federal tribunal. *Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

■ The analysis in this case does not end here, however. Despite Jenkins having procedurally waived his right to object to the jury instructions, the Circuit Court

---

**1.** The *Guardino* court noted that, coincidentally, the jury charge was given on the exact same day that the *Stevenson* opinion was is-

sued by the Maryland Court of Appeals. *Id.* at 699, 440 A.2d 1101.

for Prince George's County addressed on the merits his argument raised for the first time in his fifth post conviction petition and fifth habeas corpus petition. The *Wainwright* rule is therefore inapplicable where the state in effect ignores its own independent state procedural default rule and addresses the merits of an argument. *See County Court of Ulster County v. Allen,* 442 U.S. 140, 154, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979) (concluding that because the New York Court of Appeals did not invoke a state procedural default rule, but rather rejected petitioner's argument on the merits, the issue was properly before the federal district court in a habeas petition); *Baker v. Muncy,* 619 F.2d 327, 329 (4th Cir.1980) (finding that the federal court may consider petitioner's ground for writ of habeas corpus where the state courts waive the procedural default rule); *Fulton v. Warden, Maryland Penitentiary,* 517 F.Supp. 485, 487 (D.Md.1981) (finding a denial of petitioner's argument on the merits in a state post-conviction proceeding does not bar federal habeas review), *aff'd on other grounds,* 744 F.2d 1026 (4th Cir.1984), *cert. denied,* 473 U.S. 907, 105 S.Ct. 3532, 87 L.Ed.2d 655 (1985); *Layer v. Lyles,* 598 F.Supp. 95, 96 n. 3 (D.Md.1984) ("A state court's decision not to apply the *Wainwright* procedural bar rule removes any impediment to substantive review by a federal court in a habeas corpus proceeding."), *aff'd,* 767 F.2d 912 (4th Cir.1985). Accordingly, Jenkins' objection to the jury instructions is properly before the Court in this § 2254 petition.

■ Jenkins argues that the trial court's advisory jury instructions violated his right to due process. "As applied to a criminal trial, denial of due process is the failure to observe that fundamental fairness essential to the very concept of justice." *Lisenba v. California,* 314 U.S. 219, 236, 62 S.Ct. 280, 86 L.Ed. 166 (1941). In more ways than one, the trial court clearly erred in failing to give binding instructions on "certain bedrock characteristics" at the core of our system of criminal justice.

*Montgomery v. State,* 292 Md. 84, 91, 437 A.2d 654 (1981).

■ Proper instructions on such fundamental characteristics are essential to protect a criminal defendant's due process rights. For example, the *Montgomery* court noted the importance of the reasonable doubt standard instruction stating:

> The reasonable doubt standard of proof is an essential element of the criminal trial process and the accused has a constitutional right to require the State to meet this burden of proof. Its inclusion in the court's charge is so indispensable that the Supreme Court has indicated that failure to instruct the jury of the requirement of the reasonable doubt standard is never harmless error.

*Id.* at 92–93, 437 A.2d 654 (citing *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) and *Jackson v. Virginia,* 443 U.S. 307, 320 n. 14, 99 S.Ct. 2781, 61 L.Ed.2d 560, *reh'g denied,* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979)); *see also Francis v. Franklin,* 471 U.S. 307, 326, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) ("*Sandstrom v. Montana* [442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) ] made clear that the Due Process Clause of the Fourteenth Amendment prohibits the State from making use of jury instructions that have the effect of relieving the State of the burden of proof enunciated in *Winship* on the critical question of intent in a criminal prosecution.") The failure to properly instruct on the burden of proof is grounds for reversal. *See Cool v. United States,* 409 U.S. 100, 103 n. 4, 93 S.Ct. 354, 34 L.Ed.2d 335 (1972).

Regarding the importance of the presumption of innocence, the Supreme Court has stated: "The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." *Coffin v. United States,* 156 U.S. 432, 453, 15 S.Ct. 394, 39 L.Ed. 481 (1895).

It is well-settled in Maryland, despite Article 23's plain language, that advisory instructions on the fundamental rights of criminal defendants are wholly improper. *See Montgomery*, 292 Md. at 91, 437 A.2d 654. The *Montgomery* court held that instructions on fundamental rights are binding on the jury and not to be argued to the jury in closing arguments. *Id.* "They are the guidelines of due process to which every jury is required to adhere." *Id.*

In Jenkins' case, the trial court's instructions deprived him of his due process rights by explaining to the jury that instructions on these fundamental rights were advisory only. Furthermore, the repetitious manner in which the trial court so advised the jury had a harmful cumulative effect. *See id.* at 90, 437 A.2d 654 ("[T]his error was compounded when the trial judge punctuated his charge with the admonition that *all* of his instructions were advisory.") (emphasis in original). Accordingly, the Court must grant Jenkins' petition for a writ of habeas corpus and reject the Report and Recommendation of the United States Magistrate Judge.[2]

### III.

For all of the foregoing reasons, the Court rejects the Report and Recommendation of the United States Magistrate Judge and grants Jenkins' petition for writ of habeas corpus. A formal Order will be entered in conformity with this Memorandum Opinion.

### ORDER

In accordance with the Memorandum Opinion filed today in the above-captioned case, IT IS, this 9th day of February, 1999, by the United States District Court for the District of Maryland,

ORDERED:

(1) That the Report and Recommendation of the United States Magistrate Judge IS REJECTED;

(2) That Tyrone Jenkins's petition for writ of habeas corpus IS GRANTED;

(3) That petitioner's criminal conviction in the Circuit Court for Prince George's County BE SET ASIDE;

(4) That petitioner BE IMMEDIATELY RELEASED from actual custody to the extend he is held as a result of his conviction in the Circuit Court for Prince George's County *unless* the State elects to retry him on the charges;

(5) That effective immediately, the State shall treat petitioner as a pretrial detainee to the extent that he is held as a result of the pending charges awaiting retrial;

(6) That if the State elects to retry the petitioner, the retrial must commence within ninety (90) days of the date of this Order or, alternatively, the petitioner must be released from actual custody resulting directly from the aforesaid conviction; and

(7) That the Clerk shall mail a copy of this Order and accompanying Memorandum Opinion forthwith to counsel of record and to Tyrone Jenkins.

---

2. Jenkins' argument that Article 23 itself is unconstitutional is without merit. Despite the seemingly plain language of the Maryland constitutional provision, the Maryland Court of Appeals has consistently held that as interpreted by the court, the provision is consistent with due process. *See, e.g., Stevenson*, 289 Md. at 175, 423 A.2d 558; *Montgomery*, 292 Md. at 87, 437 A.2d 654 (citing *Stevenson*).