**ORDERED AND ADJUDGED** that the December 20, 1996 Judgment and Order wherein the Territorial Court dismissed appellant's Complaint for lack of subject matter jurisdiction is **AFFIRMED;** and finally

**ORDERED AND ADJUDGED** that appellant's claims brought pursuant to the Virgin Islands Civil Rights Act, 10 V.I.C. § 64, are **DISMISSED** for lack of jurisdiction.

Tyrone **JENKINS**

v.

**William L. SMITH and the Attorney General of the State of Maryland.**

**Civil No. B–93–3644.**

United States District Court, D. Maryland.

March 3, 1999.

Tyrone Jenkins, pro se.

J. Joseph Curran, Jr., Attorney General of Maryland and Mary Ann Ince, Assistant Attorney General, Office of the Attorney General, Baltimore, MD, for respondents.

## OPINION

BLACK, Senior District Judge.

Presently pending before the Court is a Rule 59(e) Motion to Alter or Amend Judgment filed on behalf of Respondents, William L. Smith and the Attorney General of the State of Maryland, on February 19, 1999. On February 9, 1999, this Court issued an Opinion and Order granting the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 of Tyrone Jenkins, acting *pro se. Jenkins v. Smith,* 38 F.Supp.2d 417 (D.Md.1999). The Court held that the trial court's instructions deprived Jenkins of his due process rights by explaining to the jury that instructions on fundamental rights were advisory only. *Id.* at 422. Furthermore, the Court found that Jenkins' objection to the advisory jury instructions were properly before this Court in a § 2254 petition on the ground that any procedural default in failing to object at trial was waived by the opinion of the Circuit Court for Prince George's County which addressed and rejected Jenkins' objection on the merits. *Id.* at 421.

In their pending motion, respondents argue that the Court failed to consider controlling authority which has upheld the constitutionality of Article 23 of the Maryland Declaration of Rights (formerly, Article XV, section 5 of the Maryland Constitution) and that the Court did not address the fact that the state post-conviction petition in which Jenkins asserts he raised his claim objecting to the advisory nature of the jury instructions is not in the record.

The Court has determined that a response from Jenkins to the pending Motion to Alter or Amend Judgment will not be necessary. The Court has also determined that a hearing is not necessary and is prepared to rule based upon the record now before it. *See* Local Rule 105.6.

## I.

The Court finds that respondents have missed the thrust of the Court's opinion holding that Jenkins was denied his due process rights by the trial court's advisory instructions on the law of fundamental rights of the accused. The Court recognizes that Article 23, which provides that "[i]n the trial of all criminal cases, the Jury shall be the Judges of Law, as well as of fact, except that the Court may pass upon the sufficiency of the evidence to sustain a conviction," has been held to be constitutional by both the Maryland and federal courts. *See Wyley v. Warden, Maryland Penitentiary,* 372 F.2d 742, 745 (4th Cir.), *cert. denied,* 389 U.S. 863, 88 S.Ct. 121, 19 L.Ed.2d 131 (1967). However, the constitutionality of Article 23 is not of import in this case because Jenkins' claim focuses on the scope of the provision, not its constitutionality. Jenkins specifically argued in his petition that the trial judge denied him his constitutional rights by instructing the jury in an advisory capacity with respect to the law of certain fundamental rights, namely: (1) the burden of proof, (2) the presumption of innocence, (3) the defendant's right to remain silent, (4) the defendant's right to have his guilt or innocence determined separately as to each count, and (5) the defendant's right to have his guilt or innocence determined based solely on his own conduct. It is the scope of the

application of Article 23 at Jenkins' trial that is the issue before the Court, not the constitutionality of the provision itself.

 The Court determined, based on clear controlling Maryland case law, that Article 23 only affords to juries the power to be judges of the law of the *crime*. *See Stevenson v. State*, 289 Md. 167, 176–78, 423 A.2d 558 (1980); *Montgomery v. State*, 292 Md. 84, 91, 437 A.2d 654 (1981). *Stevenson* and *Montgomery* state unambiguously that it has always been the law in Maryland that Article 23 limits the jury's role as judges of the law to conflicts regarding the law of the crime and does not extend to the law of fundamental rights such as the burden of proof and the presumption of innocence. *Stevenson*, 289 Md. at 176–80, 423 A.2d 558; *Montgomery*, 292 Md. at 89–91, 437 A.2d 654. Significantly, *Stevenson* upheld the constitutionality of Article 23, but explained that, "we must first determine what 'law' it is that a jury is entitled to 'judge' under Article 23, because only after we have established the sweep of the article's mandate can its federal constitutionality be tested." *Stevenson*, 289 Md. at 176, 423 A.2d 558 (citations omitted).[1] In Jenkins' case, this Court followed the *Stevenson* approach by addressing the sweep of Article 23. It begs the question to address the constitutionality of Article 23 without first examining the scope. In that regard, the cases cited by respondents simply do not address the crucial inquiry of the scope of the provision and thus are not dispositive of Jenkins' claim.

 The Court has no dispute with the proposition that the constitutionality of Article 23 has been upheld repeatedly as proffered by respondents and supported by a number of cited cases. This line of cases, however, does negate or disturb this Court's opinion finding that Jenkins' due process rights were violated by the trial judge's advisory instructions on the law of fundamental rights.

First, none of the cases cited by respondents addressed claims of improper use of advisory instructions on the law of fundamental rights. The cases either deal with general claims that advisory instructions on the law are unconstitutional or that jury instructions on the law of the crime are improper. *See, e.g., Dillon v. State*, 277 Md. 571, 574, 357 A.2d 360 (1976) (addressing claim that the trial court improperly read legislative policy on the law of the crime as part of the court's jury instructions); *Schanker v. State*, 208 Md. 15, 20, 116 A.2d 363 (1955) (addressing claim that the trial court improperly interrupted defense counsel during his closing argument on the law of the crime); *Slansky v. State*, 192 Md. 94, 100, 63 A.2d 599 (1949) (addressing claim that the Maryland provision providing for the jury to be judges of the law in general violates the Fourteenth Amendment due process clause).

Second, and more important, none of the cases addressed the scope of Article 23 or its application to issues of fundamental law; they all addressed the constitutionality of the provision in general. *See, e.g., Slansky*, 192 Md. at 107, 63 A.2d 599 (holding that Maryland's procedure where the jury is the judge of the law does not violate the Fourteenth Amendment due process clause); *Wyley*, 372 F.2d at 747 (upholding the constitutionality of Article XV, section 5 of the Constitution of Maryland); *Wilkins v. State of Maryland*, 402 F.Supp. 76, 82 (D.Md.1975) (same), *aff'd*, 538 F.2d 327 (4th Cir.1976), *cert. denied*, 429 U.S. 1044, 97 S.Ct. 747, 50 L.Ed.2d 757 (1977); *Giles v. State*, 229 Md. 370, 382, 183 A.2d 359 (1962) (rejecting contention

---

1. Ironically, it is the limited scope of the provision that may be the basis for its continued constitutionality. *See Giles v. State*, 229 Md. 370, 383–85, 183 A.2d 359 (1962) (upholding the constitutionality of Article XV, section 5 of the Maryland Constitution while recognizing the many "limitations upon its scope" have virtually eliminated any difference between the trial of a criminal defendant in Maryland from one being tried in a jurisdiction where the jury is under binding instructions to render its verdict).

that Article XV, section 5 of the Constitution of Maryland is unconstitutional).

Some of the cases cited by respondents noted the controversy surrounding the provision's existence or its exceptions and limitations when upholding its constitutionality. *See, e.g., Wyley,* 372 F.2d at 746 (noting that Article XV, section 5 had been "vigorously condemn[ed]" as "unsound"); *Brady v. Maryland,* 373 U.S. 83, 89, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (noting that exceptions, either by statute or judicial construction, have been carved out of the Maryland constitutional provision); *Giles,* 229 Md. at 383, 183 A.2d 359 (noting the Maryland law has long recognized limits to the scope of the Maryland constitutional provision that the jury is the judge of the law).

The Court is thus unpersuaded that the law cited by respondents in support of their motion to amend or alter judgment is dispositive of Jenkins' claim. The cited case law in no way undermines the legal basis of this Court's decision granting Jenkins' petition for writ of habeas corpus, and accordingly, respondents' motion will be denied on this ground.

■ Respondents also argue that the Court failed to address the fact that Jenkins' state fifth post conviction petition in which Jenkins asserts he raised the claim that the advisory instructions on the law of fundamental rights violated his due process rights cannot be found among the docketed state records.[2] The Court finds this position without merit in light of the state court opinion on Jenkins' fifth post conviction petition which explicitly addresses the issue. The Court cannot fathom why reliance on the state court opinion is insufficient to establish that the petitioner raised such issues in the state court and exhausted his remedies. Respondents suggest that the state court opinion does not "comport" with the missing fifth post conviction petition. The Court does not

agree and finds the state court opinion is abundantly clear that Jenkins did raise the issue of improper advisory instructions in his state fifth post conviction petition. The Court finds respondents' argument immaterial to the substantive legal analysis underlying the Court's opinion granting Jenkins' petition for writ of habeas corpus, and accordingly, respondents' motion will be denied on this ground as well.

## II.

For all of the foregoing reasons, the Court will deny respondents' Motion to Amend or Alter Judgment.

Conviction Relief to his Petition filed in these proceedings.

---

2. The Court notes that, despite the State's skepticism of its authenticity, Jenkins has attached a copy of his fifth Petition for Post